Edward F. T'KACH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16231.

United States Court of Appeals
Fifth Circuit.

March 29, 1957.

Robt. R. Taylor, Miami, Fla., for appellant.

E. David Rosen, Asst. U. S. Atty., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

The appellant was indicted, tried, and convicted of fraudulently and falsely representing himself as an officer and employee of the United States, namely, a personal envoy of the President, in violation of 18 U.S.C.A. § 912. The evidence showed that the appellant had held himself out as the President's envoy sent on a mission to initiate a plan for a revolution in Cuba. For the purpose of showing the appellant to be without any official status, the Government offered in evidence an affidavit, properly authenticated, of a personnel officer of the White House having custody of all records of officers and employees at the White House. This affidavit stated that the affiant had diligently searched and found no record showing that the appellant had ever been employed as a personal representative of the President. The affidavit was received under Fed.Rules Crim. Proc. rule 27, 18 U.S.C.A., which adopts

into criminal procedure Fed.Rules Civ. Proc. rule 44, 28 U.S.C.A., which provides:

"A written statement signed by an officer having the custody of an official record or by his deputy that after diligent search no record or entry of a specific tenor is found to exist in the records of his office, accompanied by a certificate as above provided, is admissible as evidence that the records of his office contain no such record or entry."

The appellant urges that this affidavit denied him the constitutional right given to him by the Sixth Amendment to the United States Constitution "to be confronted with the witnesses against him." He assigns error in the refusal of the trial court to grant his motion for a verdict of acquittal at the close of the Government's case and again when renewed at the close of all the evidence, and in denying the appellant's motion for a new trial.

The affidavit was admissible under Rule 27, supra, and the rule does not violate the constitutional right of confrontation. Christoffel v. United States, 1952, 91 U.S.App.D.C. 241, 200 F.2d 734; Holland v. United States, 10 Cir., 1954, 209 F.2d 516; Matthews v. United States, 5 Cir., 1954, 217 F.2d 409. The appellant did not elect to rest upon his motion for a judgment of acquittal made at the close of the Government's case. He took the stand on his own behalf and, responding to a question as to his authority to represent the President, testified "I never said anything as to any authority because I had no authority". This supplied proof of the same fact as the affidavit was intended to demonstrate. Where a defendant in a criminal case, after denial of a motion for acquittal at the close of the Government's case, introduces evidence on his own behalf, his motion is abandoned. The case comes before us for review upon all the evidence and the entire record. United States v. Goldstein, 2 Cir., 1948, 168 F.2d 666; United States v. Thayer, 7 Cir., 1954, 209 F.2d 534; United States v. Aman, 7 Cir., 1954, 210 F.2d 344.

No injustice is shown and no error is made to appear. The judgment of the district court is

Affirmed.