**Katherine Idell JACKSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16580.**

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1958.

Vincent F. Kilborn and Willes C. Darby, Jr., Mobile, Ala., for appellant.

Ralph Kennamer, U. S. Atty., Mobile, Ala., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant was indicted, convicted and placed on three years probation for presenting to the Veterans Administration a claim for Servicemen's Indemnity as the widow of Frederick Rodgers when, in fact, she knew she was not his widow, in violation of 18 U.S.C.A. § 287. From her conviction she has appealed.

The appellant and A. B. Anderson were married on April 9, 1950. They separated in less than two years and did not again live together. At the trial Anderson was called as a witness for the Government. He stated his name and gave his age and address. Defense counsel then interposed—

> "It just occurred to me that if, as the Government contends, this witness is the husband of the defendant, then, I respectfully suggest the disqualification of the witness, in the absence of the defendant's consent for him to testify."

The United States Attorney inquired, "Is the objection from the wife that her husband is testifying, and, if so, I will withdraw him." The witness stated that he had no objection to testifying. The court permitted him to testify that he was married to the defendant and so far as he knew they had never been divorced. The appellant claims this was error. We agree.

Rule 26 Fed.Rules Crim.Proc., 18 U.S. C.A. provides:

> "The admissibility of evidence and the competency and privileges of witnesses shall be governed, except where an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

At common law neither husband nor wife is competent to testify in a criminal suit for or against the other. 3 Wharton's Criminal Evidence, 12th Ed. p. 100, § 764. The Supreme Court has held:

> "The federal courts have held that one spouse cannot testify against the other unless the defendant spouse waives the privilege. Miles v. United States, 103 U.S. 304, 26 L. Ed. 481; Bassett v. United States, 137 U.S. 496, 11 S.Ct. 165, 34 L.Ed. 762; cf. United States v. Mitchell, 2 Cir., 137 F.2d 1006, 1008. Since this Court in the Funk case left open the question whether this rule should be changed, Funk v. United States, 290 U.S. 371, 373, 54 S.Ct. 212, 78 L.Ed. 369, [371] 93 A.L.R.

1136, it presumably is still the 'federal rule' for the lower courts." Griffin v. United States, 336 U.S. 704, 69 S.Ct. 814, 819, 93 L.Ed. 993, rehearing denied 337 U.S. 921, 69 S. Ct. 1152, 93 L.Ed. 1730. That which was presumably still the "federal rule" when the Griffin case was decided in 1948 was recognized in Ford v. United States, 5 Cir., 1954, 210 F.2d 313. We are not here concerned with a case where the offense charged is one against the spouse such as Levine v. United States, 5 Cir., 1947, 163 F.2d 992, or where the marriage was sham as in Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593. No consent was given by the defendant Katherine Idell Jackson to the testimony of Anderson. A specific objection was not required. 8 Wigmore on Evidence, 3rd Ed. p. 263, § 2241. See Olender v. United States, 9 Cir., 1954, 210 F.2d 795, 42 A. L.R.2d 736. It was enough that the absence of the defendant's consent be suggested to the court. The admission of the testimony of Anderson was error.

■ In appellant's specifications of error it is asserted that the court denied her counsel's request to examine a document to which Government witness Faulkner, an F. B. I. Agent, referred while testifying. The Government says the record does not show that the witness had any document in his possession while on the stand. The appellant has filed a motion to supplement the record and have a hearing on the issue as to whether the witness took a document to the stand and referred to it on the trial. The Government does not question the rule that where a witness uses any paper to refresh his memory while he is on the stand, the opposing side, on proper demand, may examine the paper and use it on cross-examination. See Montgomery v. United States, 5 Cir., 1953, 203 F. 2d 887, and cases there cited. Since the case must be reversed for a new trial we see no need for us to consider whether the record should be supplemented so as to permit us to pass upon the question which the appellant has sought to raise.

■ The witness Faulkner testified as to statements made by the appellant. She says she was told that Faulkner represented that he was trying to find out who was entitled to the proceeds of the Servicemen's Indemnity, and that such was an inducement which deprived her statements of their voluntary character. Faulkner testified that he warned her that whatever she said might be used against her. This was neither threat, duress nor promise. It was not the offer, direct or indirect of any inducement nor was any deception employed. Nothing appears to show that the statements or confessions of the appellant were in any sense involuntary. See 2 Wharton's Criminal Evidence, 12th Ed., p. 96 et seq., §§ 372–385.

■ Faulkner also testified that the appellant did not tell him that she had divorced Anderson. The question was asked by the United States Attorney and counsel for the appellant objected. The objection was overruled. It was not shown that the appellant was asked by Faulkner whether or not she had divorced Anderson. The failure to make voluntary exculpatory declarations cannot be admitted as admissions to prove the contrary. The court's ruling was error. Although the rules of evidence provide for the admissibility of confessions and admissions against interest we do not know of any doctrine which would justify the consideration by a jury in a criminal case of the failure, by a person who had been warned about self-incrimination, to deny an incriminating fact about which no question had been asked. Silence, in the absence of a duty to speak, is not an admission.

■ The witness Faulkner testified that he had searched the public records in Mobile County, Alabama, and found no record that appellant and Anderson had been divorced. The appellant contends that the absence of a record of the divorce could be proved only by the custodian of the records. The Federal Rules, Rule 27, Fed.Rules Crim.Proc., Rule 44(b) Fed.Rules Civ.Proc., 28 U.S. C.A. provide that the certificate of a

custodian of an official record is admissible to prove the lack of a particular record. Such provision does not exclude other evidence. 2 Barron & Holtzoff Federal Practice & Procedure, p. 702, § 991. To establish the fact that there is no record as to a particular matter or thing parol evidence may be given. The proof may be made by any qualified person who has examined the record as well as by the custodian. 32 C.J.S. Evidence § 807d, p. 736; 1 Wharton's Criminal Evidence, 12th Ed., p. 295, § 152. We doubt that there was enough shown to establish the fact of a thorough search by the witness but we think such testimony was not subject to the objection that only the custodian of records can testify as to the absence of a record. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422, is not, we think, contrary to the conclusion we have reached.

When the Government rested the appellant's counsel requested that the jury be excluded for the purpose of a motion for acquittal. The court declined to excuse the jury and told counsel to file his motion with the clerk. Counsel requested leave to present authorities. The court first stated that the motion was overruled, then announced that the ruling was reserved. The court again declined to hear arguments. The appellant rested and in so doing renewed and sought leave to argue the motion. The court asked and repeated the question as to whether the appellant had rested. Upon again being advised that both sides had rested, the court heard argument on the motion for acquittal and denied the motion. The appellant's counsel then requested permission to reopen the case. The court refused the request. The appellant here urges that the motion for acquittal should have been granted, that the court abused its discretion in refusing to reopen the case and, in any event, that a new trial should be had. Motions for acquittal are the subject of rather full treatment in the Rules, where it is provided:

"If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right." Rule 29, Fed. Rules Crim.Proc., 18 U.S.C.A.

The court may reserve a ruling on a motion for acquittal made at the close of all the evidence and submit the case to a jury. There is no such provision where the motion is made at the close of the Government's case. The reservation to a defendant of the right to offer testimony after the denial of a motion for acquittal made at the close of the Government's case would be a futile thing if the court could reserve its ruling and force the defendant to an election between resting and being deprived of the benefit of the motion. The introduction of evidence after the denial of a motion made at the close of the prosecution's case waives any error in the denial of the motion. T'Kach v. United States, 5 Cir., 1957, 242 F.2d 937. The ruling on the motion should have been made before the appellant rested.

We do not think it can be said that the denial of the motion for acquittal was clearly erroneous. A new trial should be had at which the errors we have here noted will be absent. The appellant's motion to supplement the record will be denied and the cause will be reversed and remanded for a new trial.

Reversed and remanded.

RIVES, Circuit Judge (concurring specially).

I concur in the result and in all of the opinion except the next to the last paragraph in which it is held that a district court may not reserve decision on a motion for judgment of acquittal made at the close of the Government's case. That holding seems to me correct in cases where the court is satisfied that the evidence is insufficient to sustain a conviction because Rule 29, Federal Rules of Criminal Procedure, contains a significant sentence not included in its counter-

part, Rule 50, Federal Rules of Civil Procedure,[1] viz:

" * * * The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." Rule 29(a) F.R.Crim.Proc.

Where, however, as in the instant case, the court thinks that the evidence is sufficient, it seems to me that it may properly reserve its decision for the same reasons that it may reserve such decision at the close of all the evidence.

I therefore concur specially.

---

1. Compare also the following part of Rule 41(b), Federal Rules of Civil Procedure:

"* * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. * * *."