**Sally CHRISTY, also known as Marion Robertson, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15970.**

United States Court of Appeals Ninth Circuit.

Nov. 18, 1958.

Rehearing Denied Jan. 28, 1959.

Jerry Giesler, Robert A. Neeb, Jr., Beverly Hills, Cal., for appellant.

George M. Yeager, U. S. Atty., George Allen McGrath, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before DENMAN, Senior Circuit Judge, POPE, Circuit Judge, and GOODMAN, District Judge.

DENMAN, Senior Circuit Judge.

Sally Christy, hereafter appellant, was tried by jury in the District Court for the Territory of Alaska and found guilty of a single count in violation of § 65–9–10, Alaska Laws Annotated 1949 [1] (hereafter A.C.L.A.). She was sentenced to 18 months' imprisonment. She urges on this appeal that the lower court erred in admitting certain evidence and in instructing and failing to instruct the jury on certain matters.

The following facts were uncontradicted. At 2:00 A.M. on the night of April 2, 1957, appellant was sitting in a taxicab in front of the Silver Dollar Bar in Fairbanks, Alaska. Three soldiers, Robinson, Akervik and McCraw, left the Silver Dollar Bar and engaged the cab occupied by appellant to take them back to their Army post. Robinson got in the back seat with appellant and Akervik and McCraw sat in front and the cab started toward camp.

Robinson testified that he had participated in the charged crime as the cab proceeded. Being an accomplice the Alaska Law required corroboration.

Section 66–13–59 of A.C.L.A., 1949, is as follows:

*"Corroboration of testimony of accomplice.* That a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and the corroboration is not sufficient if it merely show the commission of the crime or the circumstances of the commission."

As stated by the District Court of Alaska in 1948, in United States v. Farwell, 76 F.Supp. 35 at page 39:

"The Civil and Criminal Codes of Alaska, as well as the Codes of Civil and Criminal Procedure are founded largely upon those of the State of Oregon. Hence the decisions of the Supreme Court of that state construing the laws of Oregon which were adopted verbatim for Alaska are deserving of great respect, and, as regards those decisions given before enactment of our codes, of controlling authority."

In 1890 the Oregon statute on corroboration of the testimony of an accomplice was identical with that of Alaska as it is now.

In 1890, in State v. Townsend, 19 Or. 213, at page 217, 23 P. 968, at page 969 the Oregon Supreme Court held that the corroboration is sufficient if the facts "tend in *some degree* to connect the defendant with the commission of the crime." (Emphasis added.)

More recently in State v. Brazell, 126 Or. 579, at page 581, 269 P. 884, the Supreme Court stated that the corroborating evidence "need not be direct and positive, but may be circumstantial in character. Such crimes are ordinarily not committed * * * to draw reasonable inferences from facts proven. The weight of the corroborating evidence is, of course, for the jury. It is only when there is no evidence tending to connect the defendant with the commission of the crime that a question of law arises upon motion for directed verdict of acquittal."

In People v. Goldstein, 146 Cal.App.2d 268, at page 272, 303 P.2d 892, at page 895, the Court stated that:

" * * * the corroborating evidence need not establish the actual commission of the offense, the corpus delicti. People v. Yeager, 194 Cal. 452, 473, 229 P. 40; People v. McNamara 103 Cal.App.2d 729, 740,

---

1. (Of "unnatural carnal copulation by means of the mouth.")

230 P.2d 411. It is sufficient that it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the witness, who must be corroborated, is telling the truth. People v. MacEwing, supra, 45 Cal. 2d [218], at page 224, 288 P.2d [257] at page 260.)"

Unbeknownst to the people in the cab, a car bearing Deputy Marshal McRoberts and Special Agent Hopkins was following them at distances ranging from 10 to 100 feet. The officers tailed the cab unobtrusively for about four miles, staying close enough to observe, through the rear window of the cab, so much of the torsos of appellant and Robinson as protruded above the seatback. After about three miles of "love-making" they saw Robinson's hand placed behind appellant's head, after which appellant's "head went down in a downward motion". When Robinson left the taxicab and was arrested his trousers were open.

■ Instead of claiming that she had normal sexual intercourse with Robinson, on the contrary, she claimed she was merely masturbating him. The movements of appellant's and Robinson's bodies as described by appellant and by the witnesses in the following car are thus entirely inconsistent with their having normal sexual intercourse. Appellant's bent-over head with Robinson's hand over it, with normal sexual intercourse excluded, was consistent with the action of the crime charged. It is further inferable that she asked for and received ten dollars from Robinson prior to the journey as testified to by one McCraw, an occupant of the front seat of the taxicab and who was not an accomplice, as her price for committing the act charged. There was ample corroboration of Robinson's testimony.

The lower court admitted into evidence the record of appellant's prior conviction for the same felony, as an impeachment by the prosecution of appellant's veracity.

The Alaska Compiled Laws Annotated, § 58–4–61 provides:

"Impeachment by adverse party: Evidence permissible. A witness may be impeached by the party against whom he was called by a contradictory evidence, or by evidence that his general reputation for truth is bad, or that his moral character is such as to render him unworthy of belief, but not by evidence of particular wrongful acts; except that it may be shown by the examination of the witness or the record of the judgment that he has been convicted of a crime."

Appellant contends that the prosecution was deprived of its right to introduce the record because when she took the stand she stated on her own behalf that she has been convicted of the mere misdemeanor of prostitution.[2] It was an impeachment of her testimony to show by the record of the felony that she was lying when she described it as a misdemeanor since she well knew that the prior conviction was of the same felony for which she was then being tried.

Appellant contends that the judgment of the prior conviction is inadmissible because in it the Court said, " * * * that such sentence of imprisonment imposed herein is hereby suspended until the further order of this Court, pursuant to the laws of Alaska, it being the opinion of this Court that the minimum penalty prescribed by the laws of the Territory of Alaska, in the case of a person charged with Attempting to Commit a Crime, to-wit, Unnatural Carnal Copulation of this nature, is manifestly too severe in this case."

■■ It is true that it is error for the Court conducting the trial to discuss the extent of the penalty of the crime being prosecuted. Here, however, the appellant by her lying description of the prior conviction herself invoked the introduction of this impeaching evidence and hence cannot complain. However, the Court sought to minimize the effect

2. Alaska Criminal Code § 65–9–12a and 12e.

of the showing of the prior conviction by its Instruction 19 that:

"In arriving at a verdict in this case the subject of penalty or punishment is not to be discussed or considered by you, as that matter is one that lies solely with the court and must not in any way affect your decision as to the innocence or guilt of the defendant."

On appeal, counsel for appellant does not contend that the instructions given by the lower court misstated the applicable law. She merely argues that the lower court committed prejudicial error by failing, on its own motion, to inform the jury that Robinson was an accomplice.

It is apparent the Court could not have given such an instruction since it would mean that the crime was committed and, in effect, so advised the jury. Instead the court properly instructed the jury:

"If, therefore, you find that the witness, Ralph V. Robinson, as disclosed by the evidence in this trial, in any manner participated in, united in, or aided, abetted or encouraged the commission of the crime of unnatural carnal copulation to which he testified against the defendant, then he is an accomplice within the meaning of the law."

Cf. People v. Ferlin, 203 Cal. 587, 601, 265 P. 230.

The appellant further contends the Court erred in its failure to instruct the jury that the other occupants of the cab might be accomplices though no such instruction was requested and no objection made that it was not given.

Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. is here applicable. That rule states, in relevant part: "No party may assign as error any portion of the charge or commission therefrom unless he objects thereto before the jury retires to consider its verdict * * *" "The federal appellate courts, * * * seldom reverse for failure to give instructions in the absence of a seasonable request, and will do so only if the omission appears to have been so seriously prejudicial as to lead the court to believe that the accused was not given a fair trial." Nordgren v. United States, 9 Cir., 1950, 181 F.2d 718, 722.

In that case, involving an instruction on accomplice testimony, the court found that there was no serious prejudice because "it would not be difficult to find in this record substantial corroboration of his testimony." Since in the present case there was ample corroborating testimony, the Court's omission did not prejudice the appellant.

Appellant finally contends that the Court erred in advising the jury when it stated to the Court it had not arrived at a verdict that, "This is an important case. In all probability it cannot be tried better or more exhaustively than it has been on either side. It is desirable that you agree upon a verdict or verdicts. The Court does not want any juror to surrender his or her conscientious conviction", etc., substantially as in our decision in Hutson v. United States, 9 Cir., 238 F.2d 167, 173. Both parties were read the instruction before it was given and each stated there was no objection to it. We see no reason to overrule the Hutson case.

The judgment is affirmed.