**James HENRY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20322.**

United States Court of Appeals
Ninth Circuit.

May 23, 1966.

Rehearing Denied June 30, 1966.

Saul J. Bernard, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Anthony Michael Glassman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and TAYLOR, District Judge.

BARNES, Circuit Judge.

Appellant Henry, jointly with the defendant Fuller, was charged with and convicted of knowingly receiving and possessing twenty-two packages of pressure regulators which had been stolen from an interstate shipment of goods. (18 U.S.C. § 659.)

Error is claimed in five particulars: (1) the insufficiency of the evidence that appellant *knew* the goods had been stolen; (2) that the trial judge coerced the verdict; (3) that the appellant was required to defend his innocence as to other stolen items; (4) that a new trial should have been granted upon the ground of newly discovered evidence; and (5) that there was prejudicial misconduct by the United States Attorney in his summarization to the jury.

We find the only point of any substance is the first. Obviously, there could be no direct evidence, save from the appellant himself, as to his state of mind—whether he knew or did not know the merchandise was stolen. He testified on his own behalf, but was not asked, nor did he testify, whether or not he knew the regulators were stolen.

Such lack of direct evidence, however, does not end the matter. There were various facts in evidence which, if believed by the jury, entitled it to infer appellant had the necessary knowledge.

*First:* there was testimony the appellant obtained new cardboard cartons in which to place that which he described as "junk" in order to "move" it. One Persley testified "Mr. Henry explained to me they couldn't be moved in the containers they were in." (R.T. 49) "Henry asked me to get the new cartons." (R.T. 68) Persley "knew" the regulators were stolen property. (R.T. 68) Significantly appellant, taking the stand after Persley had testified, denied some of Persley's testimony, but was not asked on direct anything about the containers, or the change thereof.

*Second:* the appellant received no bill of sale when he acquired the merchandise.

*Third:* Persley intended to junk the regulators; it was the appellant's idea to sell them.

*Fourth:* appellant sold the regulators before he had bought them, or paid for them.

Appellant dismissed the first item above as "beside the point." We do not think so. He states the second "shows nothing." We may agree "not much," but we cannot so easily reduce it to zero in evidentiary value. Item three above is disposed of by appellant in his brief by the suggestion that "it was probably misconstrued by the jury."

We think, for example, that the second item is strengthened as circumstantial evidence by the facts: (a) the appellant usually gave a bill of sale when selling merchandise, but here gave none. (b) The appellant usually asked for a bill of sale when purchasing merchandise, but here asked for none. (c) No records were kept of any purchases or sales of merchandise. (Tr. p. 219) (d) The testimony of Persley, alone, if believed, raises a strong inference appellant knew the merchandise was stolen. The appellant urges that the jury "did not properly receive" the testimony of Persley. This is difficult to establish, as a point of law, and boils down to nothing more than counsel's surmise.

All this leads us to the conclusion appellant here attacks a contested issue of fact, decided adversely to appellant by the jury. With such conclusion we are not authorized to interfere. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Carroll v. United States, 326 F.2d 72, 75 (9th Cir. 1963).

The trial judge did urge the jury to return a verdict. He did state that they should be able to decide the case, and some little psychological pressure was put on the jury. But such "pressure," if it is that, occurs in many courts on innumerable occasions. Only when it exceeds permissible bounds does it become error. We cannot conclude it exceeds such bounds here.

We find no merit in the other points urged on appeal.

We affirm.