John L. SULLIVAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22193.

United States Court of Appeals
Ninth Circuit.

July 8, 1969.

Arthur S. Katayama (argued), of Mori & Katayama, Los Angeles, Cal., for appellant.

Dennis Kinnaird (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Jo Ann Dunne, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and McNICHOLS, District Judge *.

HAMLEY, Circuit Judge:

John L. Sullivan, employed as the executive chef of a gourmet restaurant, was tried before a jury on a four-count indictment charging wilful attempts to evade and defeat federal income taxes for the years 1960 through 1963. The evidence offered by the Government tended to show that during these years Sulli-

---

* The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

van received additional unreported income consisting of "kick-backs" by meat, poultry and produce wholesalers from whom defendant purchased foodstuffs for the restaurant. The defense was that these payments were gifts or loans, and therefore not reportable income.

Defendant was acquitted on the two counts involving the years 1960 and 1961, and convicted on the two counts covering the 1962 and 1963 charges. This appeal followed.

Sullivan contends that, with respect to the essential element of wilfulness, the verdicts of guilty are contrary to the weight of the evidence. Accordingly, he urges that the trial court erred in denying the motion for judgment of acquittal, made at the close of the Government's evidence and renewed after the close of all the evidence.

■ In our opinion the evidence is sufficient to warrant the implicit jury finding of wilfulness.

Defendant argues that the trial court erred in failing to rule immediately upon his motion for judgment of acquittal made at the close of the Government's evidence pursuant to Rule 29(a), Federal Rules of Criminal Procedure. Instead of then ruling upon the motion, the trial court announced that the motion would "stand submitted." The motion was not acted upon until after the verdicts had been returned. At that time this motion, and a similar motion made at the close of all the evidence, were denied.

It is a mandatory requirement of Rule 29(a), that a motion for judgment of acquittal, made at the close of the Government's evidence, be ruled upon before defendant is required to proceed with his evidence. This is indicated by the words of command in Rule 29(a) pertaining to such motions. It is also indicated by the fact that when it was deemed desirable to authorize the trial court to reserve decision on a motion for judgment of acquittal, as in the case of such motions made

at the close of all the evidence, the rule expressly so provides. See Rule 29(b). There is no provision for the reservation of decision in motions for judgment of acquittal made at the close of the Government's case. See Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893, 897, and concurring opinion of Judge Wright at 898; Jackson v. United States, 5 Cir., 250 F.2d 897, 901. Furthermore, Rule 29(a) does not require a defendant to demand an immediate ruling in order to preclude the trial court from reserving decisions.

■ But while the failure to rule on this motion before requiring Sullivan to proceed with his case was error, it was not prejudicial because the Government's evidence, as it then stood, was sufficient to support the jury verdict. See Weathers v. United States, 9 Cir., 322 F.2d 566, 568.[1]

■ Sullivan urges that the trial court erred in allowing the jury to separate after it began its deliberations.

On June 13, 1967, at 4:50 p. m., after the jury had deliberated for approximately two and a half hours, the trial judge reconvened court. The jury was then admonished in the usual way and permitted to separate for the night.

The Seventh Circuit has taken the position in criminal cases that, once having commenced its deliberations, the jury cannot, over the defendant's objections, be allowed to separate. United States v. Panczko, 7 Cir., 353 F.2d 676, 678; United States v. D'Antonio, 7 Cir., 342 F.2d 667. However, we prefer the rule expressed by the Tenth Circuit in Hines v. United States, 365 F.2d 649, 651, where, after rejecting the Seventh Circuit rule, the court said:

"* * * we hold that the trial court has full discretion in determining whether the jury shall be allowed to separate at any particular time during the course of the trial or thereafter * * *."

---

1. The Government recognizes that it would have been manifestly unfair for the Government to put on a sham case against Sullivan, hoping that the accused would convict himself through his own evidence. Nothing of the kind happened here.

In our opinion the trial court did not abuse its discretion in permitting the jury to separate. The practical problems inherent in keeping the jury together were substantial whereas, under the circumstances, the likelihood of the jurors being subjected to improper influences was minimal. Insofar as the record discloses, no improper communication did reach any juror during the period of separation. Counsel for appellant was apparently not concerned about the separation of jurors at the time of the trial for he neither objected to a separation nor asked for a voir dire examination of them when they returned the next morning.

Finally, Sullivan contends that the trial court erred as to the form of the so-called Allen instruction given as a supplemental instruction during the course of the jury's deliberations. Defendant does not argue that it was improper to give an Allen-type instruction at the time the trial court gave this instruction, but only that the instruction actually given was erroneous because of its failure to include certain language contained in the form of Allen instruction set out in Federal Jury Practice and Instructions, Mathes and Devitt, § 15.16, pages 165–167.

The Allen instruction derives its name from Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528. The Supreme Court there held that under the circumstances of that case, the instruction given, designed to encourage a jury to reach a verdict, was not prejudicial error. The substance of the approved instruction, as set out in the *Allen* opinion, is quoted in the margin.[2]

An Allen instruction, even in the most acceptable form, approaches the ultimate permissible limits to which a court may go in guiding a jury towards a verdict. See United States v. Rogers, 4 Cir., 289 F.2d 433, 435. In its least objectionable form the Allen instruction has been criticized. The cases are collected in Walsh v. United States, 9 Cir., 371 F.2d 135, dissenting opinion of Judge Browning. Accordingly, variations therefrom in the direction of coercive appeal have been disapproved. See, for example, Jenkins v. United States, 380 U.S. 445, 85 S.Ct. 1059, 13 L.Ed.2d 957. And, when found to be in acceptable form, approval has often been less than enthusiastic.[3]

The frequently expressed criticisms of the Allen instruction have great force. The jurors in our circuit have become increasingly sophisticated, and we now rarely see any indication that they do not perform their duties conscientiously and intelligently. We doubt that it is really any longer advisable to give the Allen instruction at all, and it certainly should be given only when it is apparent to the district judge from the jury's conduct or the length of its deliberations that it is clearly warranted. All judges are expected to take whatever reasonable time is required to insure that their decisions accomplish the utmost quality of justice, and nothing less should be expected or required of juries as they undertake to meet their fact-finding responsibilities.

---

2. " * * * that in a large proportion of cases absolute certainty could not be expected; that although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority was for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority." Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 157, 41 L.Ed. 528.

3. For example, in Benscoter v. United States, 10 Cir., 376 F.2d 49, and Burrup v. United States, 10 Cir., 371 F.2d 556, the Tenth Circuit ruled that the Allen instruction may be "cautiously given."

Nevertheless, this circuit has consistently upheld the giving of such an instruction when it is in a form which is not more coercive than that approved in Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528.[4]

We turn then to a consideration of the Allen instruction given in this case and, particularly, Sullivan's argument that it was rendered impermissibly coercive by reason of the omission of certain language near the end of the form of Allen instruction contained in Mathes and Devitt, § 15.16.

The Sullivan case was given to the jury, for its deliberation, at about 2:15 p. m. on June 13, 1967. About 4:50 p. m. on that day the jury was allowed to separate for the night, and returned to its deliberations at 9:30 a. m. on June 14, 1967. At approximately 11:30 a. m. of that day, certain instructions on intent were repeated to the jury pursuant to their request. The jury again retired to deliberate at 11:47 a. m., and at noon the jury was excused for lunch. The jury reconvened for further deliberations at 2:00 p. m. At 2:45 p. m. the trial judge announced that the jury had indicated that it was having some difficulty in reaching a verdict. The court then gave the questioned instruction and sent the jury back for further deliberations at 3:00 p. m. The verdict was returned at 4:25 p. m. that afternoon.[5]

Because of its length, we do not quote the instruction in question. However, if the part defendant contends was improperly omitted had been given, the full instruction would have been substantially the same as that set out in Mathes and Devitt, § 15.16. The part of the Mathes and Devitt instruction which the trial court did not give, and which appears near the end of the Mathes and Devitt form, is quoted in the margin.[6]

It will be observed that this omitted part contains three observations. The first is a restatement of the "reasonable doubt" instruction that the trial court had already given several times during the course of its general instructions to the jury. Furthermore, the court had repeated this instruction to the jury when they came back for special instructions on intent about three hours before the Allen instruction was given.

The second observation contained in the omitted part of the Mathes and Devitt form, would have told the jury that the defendant ought not to have to run twice the gauntlet of a criminal prosecution, " * * * and to endure a second time the mental, emotional and financial

---

4. Dearinger v. United States, 9 Cir., 378 F.2d 346; Walsh v. United States, 9 Cir., 371 F.2d 135; Christy v. United States, 9 Cir., 261 F.2d 357, 17 Alaska 107; Hutson v. United States, 9 Cir., 238 F.2d 167, 16 Alaska 485. See also, Miracle v. United States, 9 Cir., 411 F.2d 544, decided May 12, 1969; Henry v. United States, 9 Cir., 361 F.2d 352. Defendant has not asked us to reexamine the rule of this circuit that an *Allen* instruction, in a form substantially the same as that approved in the *Allen* decision, may be given under circumstances which do not themselves engender an atmosphere of coercion. Accordingly, we do not reexamine that rule in this appeal. If and when the propriety of ever giving an Allen instruction is specifically raised on an adequate record in the trial court, and in this court, a reexamination of the rule may be in order.

5. Since defendant has not raised the question in his motion for a new trial, or in his argument in this court, we intimate no view as to whether the surrounding circumstances under which the instruction was given were such that it was an abuse of discretion to give an Allen instruction at the time this one was given.

6. "Remember too, if the evidence in the case fails to establish guilt beyond a reasonable doubt, the accused should have your unanimous verdict of 'NOT GUILTY.'

"Above all, keep constantly in mind that, unless your final conscientious appraisal of the evidence in the case clearly requires it, the accused should never be exposed to the risk of having to run twice the gauntlet of a criminal prosecution; and to endure a second time the mental, emotional and financial strain of a criminal trial. * * *

"You may be as leisurely in your deliberations as the occasion may require; and you shall take all the time which you may feel is necessary."

strain of a criminal trial," unless the jury's conscientious appraisal of the evidence requires it. It seems fairly obvious that this stricture is neutral. Had it been given it would have been just as apt to polarize the jury for conviction as for acquittal.

The third observation contained in the omitted part would have told the jury that they may be as leisurely in their deliberations as the occasion may require. It seems to us, however, that about the same thought was conveyed by the last two paragraphs of the instruction, which read as follows:´

> "You may conduct your deliberations as you choose, but I suggest that you again retire and carefully reexamine and consider all the evidence bearing upon the questions before you.
>
> "I will ask that you deliberate a little bit longer, ladies and gentlemen, and see if you can reach a decision."

So analyzed, we think the omitted part of the Mathes and Devitt instruction was not necessary in order to assure Sullivan of a fairly-balanced Allen instruction. Examination of the instruction which was given adds support to this view. While the general tenor of the instruction was that individual jurors should give due regard to the opinions of their colleagues, the jurors were not asked to surrender conscientiously held individual opinions. On the contrary, they were told, in the course of this instruction:

> " * * * [it is] important and desirable that you unanimously agree upon a verdict * * * if you can do so without violence to your own individual judgments and consciences.
>
> "It is unnecessary to add that the court does not wish any juror to surrender his or her conscientious conviction.[7]
>
> " * * * do not surrender your honest convictions as to the weight or effect of the evidence solely because of the

opinion of other jurors or for the mere purpose of returning a verdict.

> \* \* \* \* \* \*
>
> "Each of you must decide the case for yourself, but you should do so only after a consideration of the evidence with your fellow jurors.
>
> \* \* \* \* \* \*
>
> "You are the sole and exclusive judges of the credibility of all the witnesses and of the weight and effect of all the evidence.
>
> "In the performance of this high duty you are at liberty to disregard all comments of both the court and counsel including, of course, the remarks I am now making.
>
> "Remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of evidence.
>
> "But remember also that after a full deliberation and consideration of all the evidence, it is your duty to agree upon a verdict if you can do so without violating your individual judgment and your conscience."

In two of the Ninth Circuit cases cited in note 4, namely *Dearinger* and *Hutson,* the Allen instructions there approved are quoted in the opinions and appear to be, in substance, about the same as the instruction under attack on this appeal. Neither of the instructions approved in *Dearinger* and *Hutson* contains the language which Sullivan argues was erroneously omitted from the Allen instruction given in this case.

█ In our opinion the Allen instruction given here sufficiently reminded each of the jurors of his obligation to give ultimate controlling weight to his own conscientiously held opinion. There was nothing express or implied in that instruction which was more coercive in tendency than the language in the instruction approved by the Supreme Court

---

7. The quoted language is not included in the Mathes and Devitt form. It was add-ed by the trial court as an extra admonition.

in *Allen*. We accordingly hold that, under the circumstances of this case, the trial court did not err with respect to the wording of the instruction.

Affirmed.