Rube CULLIFER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 26075

Summary Calendar.

United States Court of Appeals Fifth Circuit.

July 18, 1969.

John M. Patterson, Patterson & Rinehart, Edmon L. Rinehart, Montgomery, Ala., for appellant.

Ben Hardeman, U. S. Atty., Montgomery, Ala., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The appellant, Rube Cullifer, was convicted by a jury in the United States District Court for the Middle District of Alabama for unlawfully possessing, in violation of 26 U.S.C. § 5604(a) (1) (1964), a quantity of distilled spirits, the containers of which did not bear a revenue stamp as required by 26 U.S.C. § 5205(a) (2) (1964). He contends that the trial court erred (1) in denying his motion for acquittal based on the defense of entrapment, and (2) in failing to charge the jury on the elements of entrapment. We find no merit in either contention and affirm.[1]

The first assignment of error is controlled by a well settled rule in this circuit:

> If the motion for acquittal is denied at the close of the Government's case and the defendant proceeds to present evidence in his own behalf, he is deemed to have abandoned his motion.

T'Kach v. United States, 242 F.2d 937 (5th Cir.1957); Jackson v. United States, supra [5 Cir., 1958, 250 F.2d 897]; Harris v. United States, 285 F.2d 85, 86 (5th Cir.1960).[2]

The appellant's motion for acquittal was made at the conclusion of the Government's case. The motion was denied and he proceeded to present evidence in his own behalf. He did not later renew the motion and, therefore, must be considered to have abandoned it.

The appellant urges us to recognize as plain error the failure of the trial court to instruct the jury on the elements of entrapment.[3] However, we find no error in the court's failure to give the instruction since the record is barren of facts to support this defense.

The judgment of conviction is affirmed.

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma

Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

2. Montoya v. United States, 402 F.2d 847, 850 (5th Cir. 1968).

3. *See* Fed.R.Crim.P. 52(b).