**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Freddie MOORE, Defendant-Appellant.**

No. 24925.

United States Court of Appeals,
Ninth Circuit.

Aug. 20, 1970.

**1306**

Douglas P. Ferguson of Ferguson & Capron, San Francisco, Cal. (argued), for defendant-appellant.

Michael Lightfoot (argued) Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

Moore was charged in a three-count indictment with concealment of illegally imported narcotics and illegal sale of narcotics, violations of 21 U.S.C. § 174, and with illegal transfer of narcotics in violation of 26 U.S.C. § 4705. He was convicted on all three counts. We affirm.

1. *Entrapment.*

Moore argues that entrapment was established as a matter of law. Had the jury chosen to accept Moore's story, it could have found entrapment. But there was also substantial evidence on the basis of which the jury could find, beyond a reasonable doubt, that while the government afforded Moore an opportunity to commit the offenses, nevertheless, Moore was not subjected by the government to "persuasion or pressure * * * which induce[d]" him to commit the offenses when he "had no predisposition to do so." United States v. Walton, 9 Cir. 1969, 411 F.2d 283, 288.

2. *The Allen instruction.*

Moore argues that it was error to give the so-called Allen or dynamite instruction after the jury had indicated inability to reach a unanimous verdict. On this record, the point is not available. Appellant's counsel examined the instruction now objected to before it was read to the jury. He did not object to it; he expressly approved it. Rule 30, F.R.Crim. P. The challenged instruction is identical in every material respect to that approved by this court in Dearinger v. United States, 9 Cir., 1967, 378 F.2d 346, cert. denied 389 U.S. 885, 88 S.Ct. 156, 19 L.Ed.2d 183, and is substantially similar to those approved in Sullivan v.

United States, 9 Cir., 1969, 414 F.2d 714; Christy v. United States, 9 Cir., 1959, 261 F.2d 357; and Hutson v. United States, 9 Cir., 1956, 238 F.2d 167.

Moreover, the record indicates that the jury was not coerced by the instruction. The jury did not reach a verdict immediately after receiving the instruction. During its further deliberations, it asked to hear again, and did hear, the testimony of all the witnesses. Only after that did it retire for a second time and finally reach a verdict. Rather than submitting to "coercion," the jury discharged its duty in a conscientious and laudable fashion.

Moore's application for bail pending appeal, filed August 5, 1970, is denied.

Affirmed.