**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clyde Harvey DAY, Defendant-Appellant.**

No. 29928
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1971.

---

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Ross R. Barnett, Jr., Jackson, Miss. (Ct. Apptd.), for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Daniel E. Lynn, Asst. U. S. Attys., Jackson, Miss., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges:

PER CURIAM:

In the trial of this Dyer Act case, at the conclusion of the government's evidence the defendant attempted to move for judgment of acquittal. The court announced that the motion could be made later and would be considered as timely, and allowed it to be made at the conclusion of all the evidence, and denied it. The defendant is entitled to make his motion at the conclusion of the government's case, Fed.R.Crim.P. 29(a), and it is improper for the court to reserve its ruling until a later time. Jackson v. United States, 250 F.2d 897 (5th Cir. 1958). However, the error is harmless if the evidence when the government rested was sufficient to sustain a conviction. Montoya v. United States, 402 F.2d 847 (5th Cir. 1968). In this instance the evidence as to each of the two counts met that standard.

The defendant did not object at trial to the trial judge's comments concerning the writing on a parking lot ticket offered in evidence by the defendant and said to have been under the windshield wiper of one of the cars shown to have been stolen. If error at all, the remarks did not rise to the level of plain error to be noted where no objection is made.

In admitting the parking ticket, the judge said, "I'm going to let that be entered and marked and let the Fifth Circuit see what they get out of it." This too was not objected to. It is unclear what was intended by the remark. Defendant contends it was reversible error, presumably under the rationale of cases holding it erroneous to suggest to the jury that it need not exercise its responsibilities because its decision is not final and the ultimate decision will be made by an appellate tribunal. See United States v. Fiorito, 300 F.2d 424 (5th Cir. 1962); United States v. Lukasik, 341 F.2d 325, 330 (7th Cir. 1965). By no stretch of the imagination does

the aside by the court in this instance constitute a suggestion that the jury need not consider the parking ticket as evidence or that the jury's decision will not be final.

The evidence on both counts was sufficient to support conviction. It was for the jury to determine whether it accepted defendant's explanation of his possession of the recently stolen automobiles.

The contention that the court erred in charging the jury is without merit.

Affirmed.