**Robert E. SHAFFER, Petitioner-Appellant,**

v.

**Harold V. FIELD, Superintendent of California Men's Colony, San Luis Obispo, California, Respondent-Appellee.**

No. 72–1707.

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1973.

Michael L. Davidson of Davidson, Davidson & Phillips, Foster City, Cal., for petitioner-appellant.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Russell Iungerich, Rodney Lilyquist, Jr., Dep. Attys. Gen., Los Angeles, Cal., for respondent-appellee.

OPINION

Before MERRILL, BROWNING, and WALLACE, Circuit Judges.

PER CURIAM:

Petitioner was convicted of a violation of California Penal Code § 187. After exhausting state remedies he applied for a writ of habeas corpus in the United States District Court for the Central District of California. The district court denied the writ. *See* Shaffer v. Field, 339 F.Supp. 997 (C.D.Cal.1972).

Considering the issues in the order presented in the district court's opinion, we hold as follows:

1. Admission of the spontaneous statements of the dying victim did not violate petitioner's Sixth Amendment right of confrontation. "The determination of whether, in a particular case, the application of a recognized exception to the hearsay rule satisfies the requirements of the Confrontation Clause . . . calls for an examination of all the circumstances of the case. The relevant factual inquiry is whether, under the circumstances, the unavailability of the declarant for cross-examination deprived the jury of a satisfactory basis for evaluating the truth of the extrajudicial declaration." United States v. Adams, 446 F.2d 681, 683 (9th Cir. 1971). The trustworthiness of spontaneous statements is established on grounds distinct from the general credibility of the declarant. The declarant's unavailability did not deprive the jury of a basis for evaluating the truth of the declarations.

2. The warrantless entry of petitioner's locker at the sheriff substation, without his consent, did not violate the Fourth Amendment. Since the circumstances under which the lockers were held and used by sheriff's employees demonstrate that there was no reasonable expectation of privacy in their use, there was no "search" within the meaning of the Fourth Amendment.

3. The "Baumgartner" instruction does not necessarily violate due process of law, United States v. Moore, 429 F.2d 1305 (9th Cir. 1970), and we find no violation on the facts of this case.

4. We adopt the district court's holding that the trial court's failure to give a manslaughter instruction did not deprive petitioner of due process of law. *See* Shaffer v. Field, *supra*, 339 F.Supp. at 1004–1005.

The judgment is affirmed.