494 F.2d 516
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carles Oliver WISENER, Defendant-Appellant.
No. 74-1355 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 28, 1974.
 
 James T. Gullage, Opelika, Ala. (Court-appointed), for defendant-appellant.
 Ira DeMent, U.S. Atty., David B. Byrne, Jr., Wade B. Perry, Jr., Asst. U.S. Attys., Montgomery, Ala., for plaintiff-appellee.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question posed on appeal is whether defense counsel should have been allowed to see and examine a file held by an FBI agent witness and referred to during his testimony.
 
 
 2
 The only point in the trial where this question was raised and the only reference to the matter in the record is reflected in the following colloquy:
 
 CROSS EXAMINATION
 BY MR. GULLAGE:
 
 3
 Q. Mr. Roth, I noticed while you were testifying you were referring to a file, is that correct?
 
 
 4
 A. Yes.
 
 
 5
 Q. I believe that you have the file in your possession?
 
 
 6
 A. Yes, sir.
 
 
 7
 Q. Could I see that, please? MR. BYRNE: Your Honer, we will allow him to observe the page that he read the vehicle identification number off of, but we would object to him having to turn over his entire investigative file. MR. GULLAGE: I don't know what he has got in his possession. THE COURT: You can look at what he was looking at but not everything he has got with him. MR. GULLAGE: He simply had the file, of course, Your Honor, while he was testifying, referring to it. THE COURT: I won't let him show you anything unless you show what he was looking at. But if you want to shorten it you can ask him what he is looking at, and you can see what he was looking at. MR. GULLAGE: Of course, my motion, Your Honor, requests just to see the file itself. THE COURT: Well, I overrule that motion.
 
 
 8
 It is apparent from this record that Witness Roth, the FBI agent, refreshed his recollection from file material and the Court ruled the defense attorney could look at the material so used. Defense counsel neither renewed his request for inspection, nor propounded any questions to Roth on voir dire, nor asked the Court to make an in camera inspection of Roth's file. There is nothing in the record to indicate the existence of a statement within the meaning of the Jencks Act, 18 U.S.C.A. 3500, which might require an in camera inspection.
 
 
 9
 On this state of the record, the defense attorney was entitled to look at 'the notes, papers and memoranda which were used by the witness for the purpose of refreshing his memory.' Montgomery v. United States, 203 F.2d 887, 894 (5th Cir. 1953). See Marcus v. United States, 422 F.2d 752 (5th Cir. 1970); Jackson v. United States, 250 F.2d 897 (5th Cir. 1958). The court correctly granted this right.
 
 
 10
 The Jencks Act affords no ground for reversal because there is no evidence to indicate the existence of Jencks Act material, although the defense was given the opportunity by the trial court to develop the record on this point. We perceive no ground for a determination that defense counsel was entitled to review the entire file of the witness.
 
 
 11
 Affirmed.