**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Patrick Ralph RIZZO, a/k/a Alfred Dale Rosenheck, Defendant-Appellant.**

**No. 16789.**

United States Court of Appeals
Seventh Circuit.

Sept. 19, 1969.

Robert A. Mucker, J. Frederick Hoffman, Lafayette, Ind., for appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for appellee.

Before CASTLE, Chief Judge, and KILEY, and FAIRCHILD, Circuit Judges.

CASTLE, Chief Judge.

Defendant appeals from his conviction, upon a jury verdict of guilty, of forcing a person to accompany him in an attempt to free himself from confinement for bank robbery, in violation of 18 U.S.C. § 2113(e). The record, when viewed in a light most favorable to the Government with all reasonable inferences to be drawn therefrom, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), reveals the following facts.

On July 26, 1967, defendant waived indictment and an information was filed against him on the charge of putting the life of a bank employee in jeopardy by use of a dangerous weapon while robbing a federally insured bank, in violation of 18 U.S.C. § 2113(d). On August 18, 1967, while awaiting trial on that charge in the Tippecanoe County Jail, Lafayette, Indiana, the defendant, in attempting to escape, allegedly forced a turnkey, David B. Price, to accompany him without the latter's consent. Price testified that, after being asked by a United States Marshal to bring the defendant from his cell, Price went to the cell and requested defendant to come with him. Defendant then pulled what Price thought was a gun—but was actually an imitation made by defendant from a bar of soap—and ordered Price to release another prisoner, Douglas Jeeters. The three, upon defendant's orders, then went to the jail office, which was occupied by a number of people.[1] Defendant ordered the occupants to freeze and then told Price to unlock the front door. The three went through the front door and into a garage where defendant asked Price for his car keys. Price replied that he did not have the keys. At this point a Deputy Marshal fired a shot at defendant which hit the latter in the back. During the attempted escape Price was also slightly wounded by a bullet, although the marshal testified that his shot did not hit Price. The defendant, who was seriously wounded, was apprehended shortly thereafter.

Defendant's defense was that Price had conspired to stage a phony jail break, which plan went afoul due to the unexpectedly large number of people present in the jail office. Since, under § 2113(e), the hostage must have been forced to accompany the defendant without the hostage's consent, such a conspiracy would have, if proven, exonerated the defendant of the charge. The defense wit-

---

1. Present in the office were a United States Deputy Marshal, a bail bondsman and his clients, a trusty, another turnkey, an Indiana State policeman, another prisoner, and two repairmen. The marshal and the state policeman both testified that they thought the gun was real.

nesses were two fellow inmates of the Tippecanoe County jail and the defendant.

The inmates testified as to various alleged corrupt practices occurring in the jail between the inmates and the turnkeys.[2] Defendant testified that Price, for a sum of $500, proposed the jailbreak and outlined the plan by which they would make the escape look realistic, and that defendant turned down the offer of a real gun because he did not want anyone to get hurt.

The district court, upon the jury verdict of guilty, sentenced defendant to a prison term of 25 years, to run consecutively to the 25 year sentence imposed for the bank robbery offense.

■■■ On appeal, defendant first contends that the district court erred in denying his motion for acquittal at the end of the Government's case in chief, since the prosecution had allegedly failed to prove an essential element of the crime—defendant's knowledge, at the time of the offense, that he was being held for the crime of bank robbery.[3] The record, to the contrary, shows that prior to the attempted jail break, defendant had been granted appointed counsel, had waived indictment for the bank robbery charge, and had been arraigned on that charge. Since this evidence was presented during the Government's case in chief, defendant's first contention is without merit.

Defendant's other contention is that the district court erred in denying his motion for acquittal at the close of all the evidence since the prosecution failed to offer any evidence rebutting the defense asserted. Defendant argues that the Government's case in chief did not controvert the defendant's evidence and thus, without rebuttal, the testimony of the defense witnesses must be taken as true.

■■■ We agree that the Government has the burden of proving, beyond a reasonable doubt, all elements of the crime charged, and that in certain cases the absence of rebuttal evidence may be fatal to the Government's case.[4] However, the record in the instant case totally refutes defendant's contention. The turnkey, Price, testified during the Government's case in chief that he thought that defendant had a real gun and as a result was in fear of his life and obeyed the defendant's order to accompany the latter in his attempted escape. This testimony conflicted with the defense that Price conspired to stage the escape and presented a question for the jury as to which story to believe. The Government had no duty to present further evidence after the defense rested, since it had presented sufficient evidence on each element of the crime to support a verdict of guilty. Accordingly, we reject defendant's contention on this point.

For the foregoing reasons the judgment of conviction is affirmed.

The Court expresses its appreciation to J. Frederick Hoffman and Robert A. Mucker, members of the Lafayette Indiana bar, for their services on appeal as court-appointd counsel for the defendant.

Affirmed.

---

2. One of the inmates also gave some testimony regarding the alleged jailbreak plan.

3. Defendant, on cross-examination, admitted that he had been aware of being held on a bank robbery charge on the date in question. However, we agree with defendant that, in reviewing the denial of the motion for acquittal, this Court must consider the record as it existed when the motion was made, at the end of the Government's case in chief. See Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963).

4. Defendant cites Wesson v. United States, 172 F.2d 931, 936 (8th Cir. 1949), and Baker v. State, 236 Ind. 55, 65, 138 N.E. 2d 641, 646 (1956).