**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John L. WININGER, Defendant-Appellant.**

**No. 20148.**

United States Court of Appeals,
Sixth Circuit.

June 23, 1970.

Pierce Winningham, III, Nashville, Tenn., for defendant-appellant; George E. Barrett, Nashville, Tenn., on brief.

Fred D. Thompson, Asst. U. S. Atty., Nashville, Tenn., for plaintiff-appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and HOGAN, District Judge.*

PER CURIAM.

Defendant-appellant was indicted by and came to trial under a two-count indictment. The first count alleged a violation of 18 U.S.C. § 1341 and charged that appellant devised a scheme to defraud an oil company and its distributors by inducing them to extend credit under a credit card issued in the name of another but of which appellant had obtained possession. This count further charged that appellant knowingly caused the mails to be used in connection with this scheme. Count II charged that for the purpose of conducting, promoting and carrying on the scheme charged in the first count, appellant applied for and knowingly caused a Tennessee driver's license in the same name as the credit card to be issued, and caused the license to be sent and delivered by mail, in violation of 18 U.S.C. § 1342.

At the conclusion of the government's case, a motion for a judgment of acquittal on both counts of the indictment was made. The Court overruled the motion as to Count II but stated that a final decision on the motion for judgment of acquittal as to Count I would be reserved "until after the verdict." The jury returned a verdict of guilty under both counts. The District Judge thereafter granted the motion for judgment of acquittal as to Count I and imposed sentence only upon the finding of guilty as to Count II. This reservation of rul-

* Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio, sitting by designation.

ing gives rise to one of the questions presented on this appeal, it being appellant's contention that it placed him in a position in which "he could not intelligently determine whether or not he should present any proof on his behalf." However, a review of the record clearly indicates that all of the evidence of the fraudulent credit card scheme offered by the government and received in connection with the first count would have been admissible had appellant gone to trial only under Count II, since proof of merely obtaining through the mail a driver's license in the name of another would not establish the elements of the offense charged. It is therefore concluded that in this particular case the reservation of the ruling did not prejudice the position of the appellant at trial.

Our conclusion that the District Court did not commit prejudicial error in reserving a decision on the motion for judgment of acquittal until after the returning of the jury's verdict should not, however, be construed as a determination that this procedure did not constitute error. On the contrary, the practice of such reservation of ruling is not only one which is not to be condoned, it is in contravention of Rule 29(a), Federal Rules of Criminal Procedure, such a reservation being permissible only when the motion for a judgment of acquittal is made at the close of all of the evidence. Rule 29(b). See Jackson v. United States, 250 F.2d 897 (6th Cir. 1958).

Appellant further contends that his identification at trial was established by a witness on the basis of photographs unfairly presented to him. The record discloses that after this witness had failed to make an identification from a group of photographs which did not include one of the appellant, he subsequently identified one of a group of four pictures as being of appellant. An examination of these pictures discloses that, as contended by appellant, the pictures of the three other men in the group are full face views of a snapshot variety, while the picture of appellant was different in size

and was a typical "mug shot" type picture showing both full face and profile views. We need not, however, here determine the fairness or unfairness of this representation in view of the testimony of the witnes who stated, "My witness [sic] is based on what I saw in 1966 or whenever it was. It is not based on any photograph. I'm basing my judgment on what I see today and what I saw two or three years ago." In view of this testimony, the variation in the photographs shown to the witness on past occasion becomes immaterial, as such variation could in no way be said to be conducive of misidentification at trial. See Simmons v. United States, 390 U.S. 381, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

The other contentions raised by the appellant on this appeal have been considered and are found to be without merit, and the judgment of the District Court is therefore affirmed.