**UNITED STATES of America**

v.

**MAPLEWOOD POULTRY COMPANY, a Massachusetts corporation, having an office and place of business at Belfast, Maine.**

**UNITED STATES of America**

v.

**POULTRY PROCESSING, INC., a corporation having an office and place of business at Belfast, Maine.**

**Crim. A. Nos. 5290, 5293, 5291 and 5299.**

United States District Court,
D. Maine, N. D.

Dec. 28, 1970.

Peter Mills, U. S. Atty., John B. Wlodkowski, Asst. U. S. Atty., Portland, Me., for plaintiff.

Barnett I. Shur, Gregory A. Tselikis, Portland, Me., Irving Isaacson, Lewiston, Me., for defendants.

### MEMORANDUM AND ORDER OF THE COURT

GIGNOUX, District Judge.

On October 27 and again on November 24, 1970, the grand jury for this District returned the instant indictments against defendants, two poultry processing firms located at Belfast, Maine. Each indictment contains several counts charging violations of 33 U.S.C. § 407 by the discharge from defendant's plant of refuse matter (animal blood, fat, entrails and chicken feathers) into the waters of Penobscot Bay. Defendants have moved to dismiss the indictments on the ground that they constitute illegal and selective enforcement, denying them their Fifth Amendment rights to Due Process and Equal Protection of the Laws under the rule of Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L. Ed. 220 (1886).[1] An evidentiary hearing has been held, at which defendants established that they are only two of a number of industrial concerns and municipalities that are continually discharging refuse matter into the waters of the Penobscot River and Penobscot Bay, a fact of which the United States Attorney was aware prior to the institution of the present prosecutions.

Defendants base their motions on their claim that although there are numerous other industrial sources of pollution of Penobscot Bay, they are the only two concerns against which the Government has initiated criminal prosecutions. The proof adduced at the hearing, however, falls far short of establishing the purposeful discrimination necessary to meet the Yick Wo requirement that a law has been "applied and administered by public authority with an evil eye and an unequal hand." Id. at 373–374, 6 S.Ct. at 1073. Apart from the fact that the record does not show that other

firms have not been prosecuted for pollution of Penobscot Bay, defendants have neither alleged nor proved that the present prosecutions were deliberately based upon any arbitrary, illegal or otherwise unjustifiable standard. The mere fact that other offenders have not been prosecuted does not constitute a denial of Due Process or Equal Protection; intentional or purposeful discrimination must be shown. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed. 2d 446 (1962); Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Moss v. Hornig, 314 F.2d 89, 92–93 (2d Cir. 1963); United States v. Rickenbacker, 309 F.2d 462, 464 (2d Cir. 1962), cert denied, 371 U.S. 962, 83 S. Ct. 542, 9 L.Ed.2d 509 (1963); Washington v. United States, 130 U.S.App.D. C. 374, 401 F.2d 915, 924–925 (1968). *See* People v. Utica Daw's Drug Co., 16 A.D.2d 12, 225 N.Y.S.2d 128 (Sup.Ct. 1962); People v. Gray, 254 Cal.App.2d 256, 63 Cal.Rptr. 211 (1967).

Defendants having established no denial of constitutional right in these prosecutions,

It is ordered that their motions to dismiss the indictments are denied.

---

1. At the hearing on the present motions, defendants withdrew a second ground asserted by them in support thereof.