**UNITED STATES of America,**
**Appellee,**

**v.**

**Paul BROWN and United States Telephone Company, Appellants.**

**Nos. 541, 542, Dockets 71-2056, 71-2134.**

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1972.

Decided March 6, 1972.

Rudolph W. Giuliani, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., John H. Gross, Asst. U. S. Atty., New York City, on the brief), for appellee.

Paul P. Rao, Jr., New York City, for appellant Paul Brown.

Salvatore J. Nigrone, New York City, for appellant United States Tel. Co.

Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

Paul Brown and the United States Telephone Company, which he owns and operates, have each been convicted after trial before a jury of 36 counts of entering goods into the United States by means of false statements between March, 1966 and the end of August, 1968, in violation of 18 U.S.C. §§ 542 and 2. We affirm.

At the close of the government's case-in-chief appellants moved for judgment of acquittal pursuant to F.R.Cr.P. 29(a). Although a ruling upon such a motion is mandatory,[1] the trial judge reserved decision. However, neither appellant objected to his action and they proceeded to introduce evidence in their defense.

Later their motions for judgment of acquittal were renewed and denied.

Appellants now contend that the trial judge's failure to rule upon their motion at the end of the government's case was reversible error and urge that since the government's case-in-chief was insufficient, entry of judgment of acquittal should be directed. We disagree. The better practice of course is for the trial judge to rule promptly upon such a motion so that the defendant may decide whether or not to proceed with the introduction of evidence in his defense. However, it is settled in this Circuit that if the trial judge erroneously reserves decision on a motion for judgment of acquittal made at the close of the government's case, a defendant, by proceeding to introduce evidence in his own defense (as appellants did here), waives the right to review of the adequacy of the government's case, "at least in the absence of a demand for a ruling on the motion and explicit refusal by the judge to obey the mandate of the Rule." United States v. Rosengarten, 357 F.2d 263, 266 (2d Cir. 1966). Contra, Sullivan v. United States, 414 F.2d 714, 715 (9th Cir. 1969). Absent such a demand the situation is treated as if the court had denied the motion. Upon such a denial a defendant

"must decide whether to stand on his motion or put on a defense, with the risk that in so doing he will bolster the Government case enough for it to support a verdict of guilty." McGautha v. California, 402 U.S. 183, 215–216, 91 S.Ct. 1454, 1471, 28 L.Ed. 2d 711 (1971).[2]

---

1. The rule provides that the trial court "*shall* order the entry of judgment of acquittal . . . if the evidence is insufficient to sustain a conviction . . ." F.R.Cr.P. 29(a) (emphasis supplied). See 2 C. Wright, Federal Practice and Procedure § 462 at 245 (1969).

2. Accord, United States v. Calderon, 348 U.S. 160, 164 n. 1, 75 S.Ct. 186, 99 L.Ed.

202 (1954); United States v. Prionas, 438 F.2d 1049, 1054 (8th Cir.), cert. denied, 402 U.S. 977, 91 S.Ct. 1683, 29 L. Ed.2d 144 (1971). Contra, United States v. Sutton, 138 U.S.App.D.C. 208, 426 F.2d 1202, 1211 n. 67 (1969); United States v. Rizzo, 416 F.2d 734, 736 n. 3 (7th Cir. 1969).

In any event the government's case was sufficient to support a conviction even without help from evidence later offered by appellants. The evidence introduced by the government established that on the 36 occasions specified in the indictment appellants used two sets of invoices for each shipment imported by them into the United States, one showing the actual purchase price paid to the seller (which was never shown to United States Customs) and the other bearing a false lower price which was presented to Customs and used as a basis for determining the duties to be paid. In each set presented to Customs there was a special customs invoice which falsely stated that "there is no other invoice" covering the shipment. The testimony of witnesses offered by the government revealed that in addition to obtaining two separate sets of invoices from the foreign manufacturer for each of the shipments, Brown instructed a clerical employee of United States Telephone, who had the duty of preparing the necessary Customs papers, not to send the invoices and papers reflecting the higher price to Customs. An employee of a customs broker which handled all but four of the shipments testified that he had been provided only with invoices reflecting the lower price to be given to Customs, and that he had no knowledge of the invoices bearing the higher price and that the usual custom in the brokerage business was that when there were two sets of invoices with different prices covering the same shipment, both are submitted to Customs personnel for decision as to the proper value for duty purposes. The evidence taken as a whole was more than adequate to permit a jury to find that the elements of the alleged crimes, including the existence of fraudulent intent, had been established beyond a reasonable doubt.

■ We find no merit in any of the other contentions advanced by appellants. Appellants were not improperly curtailed by the trial judge, who has wide discretion in the area, from examining witnesses on the issue of appellants' intention. The government's summation was well within permissible bounds of propriety. A prosecutor is not precluded from making a forceful and vigorous argument based upon the evidence of record, which was the case here. Indeed this is his function in such an adversarial proceeding. We find no prejudicial expression of personal opinions or views based on evidence outside of the record.

Although one or two lines of the trial judge's instruction as to reasonable doubt appear to be garbled ("Such a conviction as you would be willing to act upon even hesitatingly in important and weighty matters of the personal affairs of your own life . . . . "), the instruction as a whole, while longer than that usually given on the subject, fairly and accurately stated the principles by which the jury should be governed. Similarly the elements of the crime and the necessity for proving fraudulent intent were adequately defined, the court pointing out that the government must establish use of a false or fraudulent invoice and defining the term "knowingly" to exclude the possibility of a conviction based upon mistake or inadvertent use of such invoices.

The judgments of conviction are affirmed as to both appellants.