UNITED STATES of America, Appellee,

v.

Russell HOUSE, Appellant.

No. 76–1736.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1976.

Decided March 10, 1977.

Rehearing Denied April 29, 1977.

Kenneth R. Singer, St. Louis, Mo., on brief for appellant.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U. S. Atty., on brief.

Before HEANEY and ROSS, Circuit Judges, and VAN PELT, Senior District Judge.*

ROSS, Circuit Judge.

The appellant Russell House was indicted, tried and convicted on two counts of heroin distribution in violation of 21 U.S.C.A. § 841(a)(1). Count I charged distribution of heroin on or about October 28, 1975; Count II charged House with distribution on or about November 26, 1975. For these convictions House was given a ten year sentence on Count I and a ten year sentence on Count II, plus a three year special parole term on each count. The sentences on each count ran concurrently. For the reasons stated below, we reverse House's Count II conviction but affirm the conviction on Count I.

The primary issue raised by House in his appeal to this court concerns the trial judge's alleged erroneous reservation of decision on the defendant's motion to acquit entered at the close of the government's case in chief. House makes two additional claims relating to the Count II conviction concerning the insufficiency of the evidence at the close of all the evidence and the scope of cross-examination of a defense witness on matters pertaining to Count II. We find it unnecessary to reach the questions posed by these two additional claims because of our favorable view of appellant's primary claim on Count II. We find the alleged voir dire error to be without merit.[1]

Rule 29 of the Federal Rules of Criminal Procedure provides as follows:

(a) Motion Before Submission to Jury. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court *on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.* If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.

(b) Reservation of Decision on Motion. If a motion for judgment of acquittal is made at the *close* of all the evidence, the court may reserve decision on the motion,

---

* The Honorable Robert Van Pelt, Senior United States District Judge for the District of Nebraska sitting by designation.

1. The appellant complains that the trial judge refused to ask the following voir dire question: "Do each and every one of you understand that the mere presence at the scene of a crime does not, in and of itself, conclusively prove the guilt of the defendant?" The judge had, however, during the voir dire instructed the veniremen that a defendant is clothed with a presumption of innocence. He then specifically instructed the jury prior to its deliberation that the "[m]ere presence of a person at the scene of an alleged drug transaction is, in and of itself, insufficient to permit a finding that this person did knowingly and intentionally distribute a narcotic drug."

We perceive no error and no abuse of discretion. *See generally United States v. Jackson,* 549 F.2d 517 (8th Cir. 1977).

submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

F.R.Crim.P. 29 (emphasis added).

■ Reservation of decision on the motion to acquit is provided for only when the motion is made at the close of all the evidence. A trial judge is in error if reservation is made at the earlier time, at the close of the government's case in chief. *United States v. Wininger,* 427 F.2d 1128 (6th Cir. 1970). "[T]he practice of such reservation of ruling is not only one which is not to be condoned, it is in contravention of Rule 29(a), Federal Rules of Criminal Procedure, such a reservation being permissible only when the motion for a judgment of acquittal is made at the close of all of the evidence." *Id.* at 1129.

■ As the case law has developed, however, there are two circumstances in which the error is to be considered nonprejudicial to the defendant. In the first instance the error is to be considered nonprejudicial "if *at the time the motion was made* the Government had produced *sufficient evidence* to justify submission of the case to the jury." *Moore v. United States,* 375 F.2d 877, 879 (8th Cir.), *cert. denied,* 389 U.S. 844, 88 S.Ct. 92, 19 L.Ed.2d 110 (1967) (emphasis supplied). The second case of nonprejudice enunciated in dicta in the *Moore* opinion is a waiver doctrine, wherein the defendant is deemed to have waived his claim as to the sufficiency of the government's case considered alone when, under certain circumstances, he himself introduces evidence after the erroneous reservation. *Id.* at 878.

■ In *Moore* sufficient evidence had been adduced *prior* to the time the defendant made his motion which the appeals court said "clearly presented a jury question as to defendant's guilt." *Id.* at 880. *See also United States v. Guinn,* 454 F.2d 29, 33 (5th Cir. 1972); *United States v. Prionas,* 438 F.2d 1049, 1054 (8th Cir.), *cert.*

*denied,* 402 U.S. 977, 91 S.Ct. 1683, 29 L.Ed.2d 144 (1971); *Sullivan v. United States,* 414 F.2d 714, 715 (9th Cir. 1969). House has argued that this is not the situation in this case, and we agree. Viewing the evidence and the inferences in the light most favorable to the government, *Moore v. United States, supra,* 375 F.2d at 879, we nevertheless conclude that at the close of the government's case the evidence was insufficient and the defendant's motion to acquit should have been granted. The evidence at that point in time relating to House was that he was physically present at 4706 Lewis Place when Agents Luss and Ankton arrived there; that House remained in the front room with Agent Luss while Collins made the heroin transaction with Agent Ankton in the bedroom; that Agent Ankton's only conversation with House was a greeting when he entered the residence, and that Agent Luss' only conversation with House while the heroin was sold in the next room was a discussion of the heavy snow that day. Agent Luss testified that *he* made a comment to *Collins* as Collins and Ankton exited the bedroom expressing his wish to have "two pieces" if the batch was good. House remained seated across the room when Luss made the comment to Collins. Agent Ankton testified he neither received nor gave anything to House on that day.

Moreover, it is clear that the prosecutor was himself convinced that he had not made his case at that time. After the government rested, the defendant immediately moved to dismiss Count II. The court commented to government counsel:

> The Court: I don't know how you can make that case.

> Mr. Coughlin [government counsel]: Your Honor, I can't without the phone conversation.

> The Court: What?

> Mr. Coughlin: Without the conversations of Jesse Collins I can't. If it was closer I could do it but I can't. I admit it.

The phone conversation referred to was later introduced, as rebuttal evidence, after

the defendant had presented his case.[2] While we thus conclude that no prima facie case was made by the government when it rested initially which would render the trial court error nonprejudicial, the question remains as to whether this court should examine the entire record for evidence of House's guilt.

It is the predominant, but not uncontroverted[3] rule, that a defendant who introduces evidence subsequent to the *denial* of a motion to acquit waives the right to have an appellate court review the sufficiency of the evidence at the time of the denial. *Moore v. United States, supra,* 375 F.2d at 878.

Furthermore, the *Moore* opinion approvingly cites in dicta an extension of this waiver doctrine to the situation in which a trial court *erroneously reserves ruling* on the acquittal motion and the defendant proceeds with his defense.

It is settled law that a defendant who offers evidence after the denial of a motion for acquittal at the close of the Government's case in chief waives any claim as to the sufficiency of that case considered alone. *United States v. Calderon,* 348 U.S. 160, 164 n. 1, 75 S.Ct. 186, 99 L.Ed. 202 (1954); but see The Motion for Acquittal: a Neglected Safeguard, 70 Yale L.J. 1151 (1961). We have applied this rule when, as here, the judge ignored the command of F.R.Crim.P. 29(a) and reserved decision on such a motion, see *United States v. Goldstein,* 168 F.2d 666, 669–670 (2 Cir. 1948), and the Supreme Court's approving citation of the *Goldstein* decision in *Calderon, supra,* indicates that it perceives no basis for distinguishing between the two situations, *at*

*least in the absence of a demand for a ruling on the motion and explicit refusal by the judge to obey the mandate of the Rule.* Quite apart from this, we would consider the Government's case in chief sufficient to support Rosengarten's conviction.

*Moore v. United States, supra,* 375 F.2d at 878–879, *citing United States v. Rosengarten,* 357 F.2d 263, 266 (2nd Cir. 1966) (emphasis supplied).

This court is unable, however, on the facts of this case, to apply the waiver rule used when a motion to acquit is *denied*; the basis for the distinction in this case, which was expressly referred to in *Moore,* lies in the defendant's clear demand for a ruling and the trial judge's explicit refusal to rule. The possibility for such a distinction was reserved in *United States v. Rosengarten, supra,* 357 F.2d at 266, based on the earlier opinion of *United States v. Goldstein,* 168 F.2d 666 (2nd Cir. 1948). In *Goldstein* the court reiterated that the defendant could have insisted upon a ruling on the motion before his election to defend, but did not. *Id.* at 669. He had not made the point that he was entitled to a ruling prior to putting on his own defense, and did *not* object to the court's reservation. *Id.* at 670. This court in *Moore* made a similar point. The defendant in *Moore* did not object to the erroneous reservation or assert his right to a ruling. The court in *Moore* emphasized the conduct of defense counsel after the acquittal motion had been made:

This motion was made orally and counsel concluded by saying "and the Defendant requests permission to submit a written motion to the same effect at the close of all of this case." The court responded as

---

**2.** Prior to the trial the defendant moved to suppress the telephone conversation between Collins and Ankton. After a discussion between counsel and the court on the merits of the motion, and the defendant's inquiry as to a ruling, the court indicated it would hold the motion in abeyance pending its study of a particular opinion. The government in its case in chief questioned its witness, Agent Ankton, concerning the November 26 conversation with Collins, but did not try to introduce into evidence the tapes which might incriminate

House. The tape was offered, received, and played to the jury as *rebuttal* evidence after the defense rested.

**3.** Chief Judge Bazelon of the D.C. Circuit has said: "The rule seriously limits the right of the accused to have the prosecution prove a prima facie case before he is put to his defense." *Cephus v. United States,* 117 U.S.App.D.C. 15, 324 F.2d 893, 896 (1963) (footnote omitted). See also the discussion in J. Moore, Federal Practice ¶ 29.05 (2d ed. 1976).

follows: "Permission is so granted to submit a written motion. Ruling will be reserved on this motion." Defendant did not press for a ruling at the time the motion was made, and from the language used, *the court would have been warranted in interpreting the statement as defense counsel's intention to immediately offer evidence on defendant's behalf.* Moore v. United States, supra, 375 F.2d at 878 (emphasis supplied).

In the present case House's counsel immediately inquired as to a ruling after the judge's initial reservation. He persistently argued that without a ruling he would be hampered in his Count I defense for fear that the allegedly incriminating Count II tapes might be offered as "impeachment or something else if I call certain witnesses," and pointed out that the tapes had not been offered in the case in chief. The court nevertheless, for the third time, said it would reserve ruling.

The facts here present a just basis for distinguishing this case from the waiver treatment accorded a denial of a motion to acquit. Otherwise, the defendant would lose the right to have the sufficiency of the evidence against him adjudged at the close of the government's case even though he expressly sought to have the evidence considered and even though the Rule expressly grants him that right. The facts of this case indicate that the defendant pressed for the ruling to which he was entitled and did *not waive* the right to a ruling by proceeding without objecting, to the defense and the rebuttal. *"Absent such a demand* the situation is treated as if the court had denied the motion." *United States v. Brown,* 456 F.2d 293, 294 (2nd Cir.), *cert. denied,* 407 U.S. 910, 92 S.Ct. 2436, 32 L.Ed.2d 684 (1972) (emphasis supplied).

We conclude, therefore, that the entire record should not be reviewed for evidence of guilt where the defendant has aggressively sought and was refused the trial judge's view of the sufficiency of the evidence, a view to which he was entitled. We have previously recounted the evidence submitted by the government's case in chief

and have found it to be insufficient, just as the trial court and the prosecutor had wondered aloud how the government had "made its case" at that time. Accordingly, the Count II conviction is reversed.

 Appellant has also urged that he is deserving of a new trial on Count I inasmuch as "Counts I and II were tried together, the uncertainty and confusion caused by the trial court not only prejudiced appellant in his defense against the offense cited in Count II, but also in his defense against the violation cited in Count I, and thereby denied him the right to a fair trial. U.S. Const. amend. V." It is clear, however, that the evidence was sufficient to establish a strong prima facie case on Count I prior to the erroneous reservation on Count II; furthermore, the defendant has not pointed to any exculpating evidence it failed to offer in his defense of Count I due to the erroneous reservation on Count II. Therefore, Count I is affirmed. Count II is reversed with directions to dismiss.