UNITED STATES of America, Appellee,

v.

Debra Lynn DOSSEY, Appellant.

No. 77–1181.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1977.

Decided August 2, 1977.

John M. Fincher, North Little Rock, Ark., argued, for appellant.

Don N. Curdie, Asst. U.S. Atty., (argued), and W. H. Dillahunty, U.S. Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

Debra Lynn Dossey appeals her conviction by a jury of armed bank robbery in violation of 18 U.S.C. § 2113(d). We affirm.

On July 12, 1976 appellant was indicted for the robbery of the Capitol Branch of the First National Bank in Little Rock, Arkansas. At trial the teller at the bank testified that on February 27, 1976 she was approached by a young white female, who produced a pistol and demanded money. The teller complied with the demand and the robber fled. The teller described the robber as being a blond, about 22 or 23 years of age, weighing about 115 or 120 pounds, and being about 5'3" tall. At the time of the robbery the robber was dressed in a blue plaid shirt and blue jeans and wore rose-colored, wire-framed glasses. The teller could not positively identify appellant as the robber, but testified that appellant "looks like" the robber.

Other testimony placed appellant and a companion, James Weaver,[1] in Little Rock on the day of the robbery. The day after the robbery appellant and Weaver flew from Little Rock to Phoenix, Arizona. Appellant called a Little Rock motel employee and stated that her sudden departure was due to a death in the family.

Linda Arnold testified that she met appellant in Mesa, Arizona, on February 28, 1976, and that during the course of a trip to Las Vegas appellant told her that she (appellant) and Weaver had thrown away a lot of small bills rather than answer possible questions about them at the airport.

Ann Louise Jagow testified that she first met appellant in Phoenix, Arizona, in March, 1976. She testified that she had a conversation with appellant during which appellant admitted having done robberies in Little Rock. Appellant told Jagow that she was wearing a wig and her tinted glasses during one bank robbery, that she was armed, and that she made her escape by going over a brick wall and riding off with Weaver in her El Camino.

Miss Jagow further testified that she, along with appellant, Weaver and others planned and executed a bank robbery in Mesa, Arizona. She testified that appellant wore a blond wig and a blue T-shirt during the robbery, along with pinkish-tinted, wire-framed glasses. Finally, Miss Jagow testified that appellant had admitted committing bank robbery in Minnesota.

The jury returned a verdict of guilty. The district court[2] sentenced appellant under 18 U.S.C. § 4205(b)(2) to eight years imprisonment, to run consecutively to a sentence she is serving as a result of her conviction for the Mesa, Arizona, bank robbery, but with the proviso that her sentence would be reduced to four years if the Arizona conviction is affirmed on appeal.

■ Appellant advances the following grounds for reversal: (1) that the district court abused its discretion in allowing the government to reopen its case after it had rested and in denying appellant a continuance; (2) that the district court erred by not immediately ruling upon appellant's motion for judgment of acquittal; and (3) that the district court erred in admitting evidence of other crimes.[3]

Prior to trial the district court had made a conditional ruling that Miss Jagow would not be allowed to testify about the Minnesota and Arizona bank robberies. At the close of the government's case the Assistant United States Attorney asked the court to reverse its prior decision. The court refused and the Assistant United States Attorney replied: "I'm going to rest." Defense counsel then made a motion for judgment of acquittal and asked the court to recess to allow him to make a written motion. The recess was granted and counsel met with the court in chambers the following morning. At that meeting defense counsel based his motion for acquittal on lack of evidence identifying appellant as the person who robbed the Little Rock bank.

After discussing the evidence already admitted, the district court reversed its earlier position and allowed the government to reopen its case and question Miss Jagow about the Minnesota and Arizona robberies. The court refused to rule on appellant's motion for judgment of acquittal, but indicated that the motion should be renewed when the government concluded its case. Miss Jagow then testified and the govern-

---

1. Weaver was tried separately and convicted. His appeal is currently pending before this court in No. 77–1357.

2. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

3. Appellant also points to two alleged errors in sentencing. First, she contends that the district court erred in not making an explicit "no benefit" finding before refusing to sentence ap-

pellant under the Federal Youth Corrections Act. At the time of conviction, however, appellant was 23 years of age and thus a "young adult offender" who is not entitled to a specific no benefit finding. *United States v. Norton*, 539 F.2d 1194 (8th Cir. 1976); *United States v. Garrison*, 527 F.2d 998 (8th Cir. 1975). Appellant's contention that the district court erroneously sentenced her under 18 U.S.C. § 4205(b)(2) is frivolous.

ment again rested. Appellant renewed her motion for judgment of acquittal, which was overruled, and sought a continuance, which was denied.

Questions relating to the order of proof and permission for a party to reopen its case after resting are entrusted to the trial court's wide discretion. *United States v. Webb*, 533 F.2d 391, 395 (8th Cir. 1976); *Lucas v. United States*, 343 F.2d 1, 3 (8th Cir.), *cert. denied*, 382 U.S. 862, 86 S.Ct. 125, 15 L.Ed.2d 100 (1965). In determining whether that discretion was properly exercised, relevant factors to consider are whether the evidence surprised the defendant, whether the defendant was given adequate opportunity to meet the proof, and whether the evidence was more detrimental to the defendant because of the order in which it was introduced. *United States v. Webb, supra*. The evidence at question here was well known to appellant long before trial, although she makes a plausible argument that she was surprised by its admission only one day after the district court had reaffirmed its earlier decision to exclude the evidence. Appellant had ample opportunity to meet the proof as presented; indeed, defense counsel engaged in a long, penetrating cross-examination of the witness Jagow, based largely on prior, arguably inconsistent statements she had given to federal authorities.[4] Finally, the evidence, although damaging to appellant, was no more so than it would have been if presented the day before. In these circumstances, we are unable to conclude that the district court abused its discretion in allowing the government to reopen its case.

Appellant also contends that the district court erred in denying a continuance after the government was allowed to reopen its case. The basis for seeking the continuance was to allow appellant to subpoena certain witnesses to meet the newly-admitted evidence. The parties, however, stipulated as to what the testimony of these witnesses would have been and there was thus no prejudice to appellant.

Appellant next contends that the district court erred in not ruling on the initial motion for judgment of acquittal. When such a motion is made at the close of the government's evidence, the court must render a decision thereon, and reservation of the question is error. *United States v. House*, 551 F.2d 756, 758 (8th Cir. 1977). In this case, however, the court allowed the government to reopen its case and present additional evidence. Therefore, the initial motion for judgment of acquittal became premature because there was additional evidence which the government was going to introduce. After this evidence was introduced and the government again rested, appellant renewed her motion and the court promptly denied it. In these unusual circumstances, the district court properly deferred decision on the motion until all of the government's evidence was introduced.

Appellant's final contention is that the court erred in admitting evidence of other crimes. We are of the opinion that the evidence of the Arizona robbery was admissible to prove identification of the person who robbed the Little Rock bank, an issue that was important due to the teller's inability positively to identify appellant. Miss Jagow testified that appellant, armed with a pistol, entered the Arizona bank alone, wearing a blond wig, a blue shirt and pinkish-tinted, wire-framed glasses. The similarity in modus operandi and disguise is great and the incidents were close in time. *See United States v. Davis*, 551 F.2d 233 (8th Cir. 1977); *United States v. Clemons*, 503 F.2d 486 (8th Cir. 1974). The substantial probative value of this evidence was not outweighed by the possibility of unfair prejudice and it was properly admitted.

It is questionable whether the district court should have admitted Miss Jagow's testimony about the Minnesota robberies. This testimony was of very limited probative value because its only connection

---

4. These statements had previously been furnished appellant by the Assistant United States Attorney.

with the Little Rock robbery was appellant's statement that she wore disguises in Minnesota. However, this testimony was limited to two brief answers and was not again referred to by the government. The district court also gave appropriate limiting instructions. In these circumstances, we are convinced that the error, if any, was harmless beyond a reasonable doubt.

The judgment of conviction is affirmed.