**STATE of Maine**

v.

**Clarence G. SMITH.**

Supreme Judicial Court of Maine.

July 26, 1978.

the prison officials has denied him equal protection of the laws. Finding defendant's arguments groundless, we deny the appeal.

## I.

The defendant's only motion of record challenging the sufficiency of the evidence occurred at the conclusion of the State's case. The motion was taken under advisement and was never ruled upon. The defendant then testified and introduced supporting evidence. He neither renewed his motion nor moved for a new trial.

 It is well settled that if the defendant wishes to attack the sufficiency of the State's prima facie case on appeal, he must rest following the denial of his motion for judgment of acquittal made at the close of the State's case. If he proceeds with a defense following the denial of his motion, he is said to "waive" the issue of the sufficiency of the State's case-in-chief. *State v. Hanson*, Me., 331 A.2d 375 (1975) (and cases cited therein); *State v. Rowe*, Me., 238 A.2d 217 (1968). Thereafter, he can only challenge the sufficiency of the *totality* of the evidence by a motion for judgment of acquittal either at the close of all of the evidence, M.R.Crim.P. 29(a), or after a verdict has been returned, M.R.Crim.P. 29(b), or by a motion for a new trial, M.R.Crim.P. 33. In the instant case, the defendant's introduction of testimony and evidence coupled with his failure to challenge all of the evidence by appropriate motion [1] would typically foreclose any review of the sufficiency of the evidence except under the limited manifest error-serious injustice rubric. *State v. Gamage*, Me., 301 A.2d 347 (1973); *State v. Pullen*, Me., 266 A.2d 222 (1970).

 Here, however, the presiding Justice took the defendant's motion for judgment of acquittal under advisement. Although M.R.Crim.P. 29(a) permits the Superior Court to reserve decision when a motion for judgment of acquittal is made at the close

Frank F. Harding, Dist. Atty., Daniel W. Bates (orally), Asst. Dist. Atty., Rockland, for plaintiff.

Steven C. Fletcher, Thomaston (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

DELAHANTY, Justice.

Convicted of escape, 17–A M.R.S.A. § 755, by a Knox County Superior Court jury for intentionally failing to return from furlough, the defendant, Clarence G. Smith, on appeal 1) attacks the sufficiency of the evidence and 2) asserts that certain conduct by

1. Although the defendant vigorously asserts that he orally renewed his motion for judgment of acquittal after the jury returned its verdict, the record simply does not support this contention. If there was an omission in the record, the defendant should have had it corrected. *See* M.R.Crim.P. 36; *cf. State v. Bellanceau*, Me., 367 A.2d 1034 (1977).

of all of the evidence, no similar provision exists when the motion is made at the close of the State's case-in-chief.[2] Moreover, the mandatory language in M.R.Crim.P. 29(a) plainly contemplates that the Superior Court *shall* rule upon such a motion before the defendant has to decide whether to proceed with his defense. In short, the presiding Justice cannot take a motion for judgment of acquittal made at the close of the State's case under advisement but must render a decision forthwith. *Accord, United States v. House*, 551 F.2d 756 (8th Cir. 1977); *United States v. Wininger*, 427 F.2d 1128 (6th Cir. 1970); *Sullivan v. United States*, 414 F.2d 714 (9th Cir. 1969); *Bennett v. People*, 155 Colo. 101, 392 P.2d 657 (1964).

■ For the purposes of this decision, we will assume, without deciding, that the defendant did not waive the error or the sufficiency of the State's case considered alone when he offered evidence following the reservation of his motion for judgment of acquittal.[3] We will, therefore, review the State's prima facie case. In examining the State's case-in-chief, we find the evidence so persuasive that it would serve little purpose to recite the reams of evidence and testimony supporting every element of the crime. Suffice to say, the State's case was entirely sufficient to withstand the defendant's motion for judgment of acquittal which renders harmless the error in reserving judgment on the motion.

## II.

The defendant asserts that he has been denied the equal protection of the laws in that some inmates are prosecuted criminally while others are processed administratively for potentially identical conduct, the decision resting with the warden of the Maine State Prison. We find the defendant's argument to be totally unimpressive.

■ Although the warden may apparently recommend prosecution for an escape, the ultimate decision of whether to press criminal charges rests with the prosecuting authority. In this respect, the inmate is afforded the same rights given to every other accused, notwithstanding his inmate status. That other individuals may not have been criminally prosecuted for the same conduct as the defendant does not violate the equal protection clause of either the federal or the state constitution in the absence of a showing of intentional or purposeful discrimination. *See Mottram v.*

2. M.R.Crim.P. 29(a) provides:
 Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion *shall order* the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. *If a defendant's motion for judgment of acquittal at the close of the evidence offered by the State is not granted*, the defendant may offer evidence without having reserved the right. *If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve the decision on the motion*, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. (emphasis supplied).

3. We note in passing that where the defendant goes forward with his case under these circumstances, the federal courts are divided on whether the defendant has waived appellate review of the sufficiency of the prima facie case against him. Analogizing an erroneous reservation of a motion for judgment of acquittal to the denial of such a motion, the Second Circuit holds that the defendant's introduction of evidence waives the right to a review of the government's case, at least in the absence of a demand for a ruling and an explicit refusal by the judge to obey the mandate of the federal equivalent of M.R.Crim.P. 29(a). *United States v. Rosengarten*, 357 F.2d 263 (2d Cir. 1966). *See United States v. House, supra; cf. State v. Villegas*, 101 Ariz. 465, 420 P.2d 940 (1966). The other approach, epitomized by the Fifth Circuit, is to review the government's case and to label the error "harmless" if the government's evidence was such that the motion should have been denied. *United States v. Guinn*, 454 F.2d 29 (5th Cir.), *cert. denied*, 407 U.S. 911, 92 S.Ct. 2437, 32 L.Ed.2d 685 (1972); *United States v. Wininger, supra; Sullivan v. United States, supra; United States v. Godel*, 361 F.2d 21 (4th Cir.), *cert. denied*, 385 U.S. 838, 87 S.Ct. 87, 17 L.Ed.2d 72 (1966); *cf. Adams v. State*, 102 So.2d 47 (Fla.App.1958).

*Murch*, 330 F.Supp. 51 (D.Me.1971), *rev'd on other grounds*, 458 F.2d 626 (1st Cir.), *rev'd*, 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972); *United States v. Maplewood Poultry Co.*, 320 F.Supp. 1395 (D.Me.1970). No such showing was made.

The entry is:

Appeal denied.

Judgment affirmed.

GODFREY, J., did not sit.