**UNITED STATES of America, Appellee,**

v.

**Alan KANOVSKY, Appellant.**

**No. 782, Docket 79–1364.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 21, 1980.

Decided March 27, 1980.

John B. Latella, Jr., Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty. for the Eastern District of New York, Harvey M. Stone, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Mel A. Sachs, New York City (Steven G. Eckhaus, New York City, of counsel), for appellant.

Before MOORE, MULLIGAN and MESKILL, Circuit Judges.

MULLIGAN, Circuit Judge:

Alan Kanovsky appeals from a judgment of the United States District Court for the Eastern District of New York which was entered on September 21, 1979. He was convicted after a jury trial before Chief Judge Jacob Mishler of obstructing justice in violation of 18 U.S.C. § 1503 by giving false and evasive answers to questions asked of him while he was a witness before a grand jury. He was also convicted of five counts of making false declarations to a grand jury in violation of 18 U.S.C. § 1623. He was sentenced to imprisonment for one year and a day on the first three counts of the indictment, sentences to run concurrently. Imposition of sentence on the remaining three counts was suspended and he was placed on probation for a period of three years to begin at the end of his term of imprisonment.

The grand jury before which appellant testified was investigating allegations of bribery and corruption in connection with public auction sales conducted by New York City Marshals. When appellant appeared before the grand jury, he made certain statements regarding his involvement in the allegedly corrupt sales. The Government's proof in the instant case demonstrated that these statements were false and evasive and designed to obstruct the grand jury's investigation.

At the conclusion of all the evidence in the case, the prosecutor requested a charge to the jury that the Government had no duty to refresh appellant's recollection or to advise him of the evidence the Government had against him. The court below observed that there was no evidence on the record as to whether appellant's recollection had been refreshed. During the subsequent colloquy, the Government indicated that it had a witness, Assistant United States Attorney Ronald G. Russo, who could testify that Kanovsky's recollection had been refreshed before his grand jury appearances, but that the witness had been reserved for rebuttal in reliance on defense counsel's representations that appellant would testify at trial. The court below granted the Government's motion to reopen its case.

Assistant United States Attorney Russo testified concerning his efforts to refresh Kanovsky's recollection as to his involvement in the marshal's sales under investigation. Russo introduced appellant to Detective Edward Gruskin and informed him that Gruskin had been attending the marshal's sales as an undercover agent. Appellant was reminded of the details of certain

sales which both he and Detective Gruskin had attended, and, on at least one occasion, listened to a tape recording of conversations made at a marshal's sale during which a bribe was solicited in appellant's presence.

■ On this appeal, Kanovsky argues that the district court abused its discretion in allowing the Government to reopen its direct case after the defense had rested. This claim is meritless. The testimony given by Assistant United States Attorney Russo was relevant to the issue of criminal intent and confined in scope to Russo's efforts to refresh appellant's recollection. Appellant cannot show that he was surprised by Russo's testimony since he knew that the Government intended to call Russo as a rebuttal witness. Appellant was familiar with much of the evidence covered by Russo's testimony since it had been discussed earlier in the trial. Moreover, appellant had ample opportunity to meet the proof as presented since the Government made available to defense counsel all the materials necessary for full cross-examination of Russo. See *United States v. Dossey*, 558 F.2d 1336 (8th Cir. 1977). Finally, appellant has been able to point to no prejudice suffered by having Russo's testimony offered after the defendant rested rather than before. See *United States v. Williams*, 336 F.2d 183, 184 (2d Cir.), cert. denied, 379 U.S. 827, 857, 85 S.Ct. 54, 112, 13 L.Ed.2d 36, 60 (1964).

■ Appellant also maintains that Russo's testimony constituted inadmissible hearsay. However, Russo's testimony was not offered to prove the truth of the matter asserted, but simply to show that the statements had been made to appellant. See Fed.R.Evid. 801(c). Appellant's reliance on *United States v. Check*, 582 F.2d 668 (2d Cir. 1978), is misplaced since that case clearly involved hearsay statements offered to prove the truth of the matter asserted.

■ Nor did Russo's testimony deprive appellant of a fair trial. Appellant argues that Russo improperly testified about the off-the-record meetings, and that the Government's promise not to use the con-

versations against appellant covered Russo's, as well as appellant's, part of the conversation. Appellant is precluded from raising this claim here since he failed to object below to the admission of Russo's testimony on the ground that it breached the Government's promise. Fed.R.Evid. 103(a)(1). Consequently, as the Government notes, the exact nature of the agreement between the Government and appellant was never explored at trial.

■■ Russo testified below that before appellant's grand jury appearance, he told appellant that he had reason to believe that appellant was not being candid with the Government. Appellant argues that Russo should not have been permitted to express this opinion before the jury, which must have been prejudiced thereby. We disagree. We note again that this testimony was not offered for its truth but rather to show the impact on appellant's state of mind of certain statements made by Russo. Moreover, the record reveals that appellant's objection below was not timely since it was not made until after the witness was excused and the jury dismissed from the courtroom. See *United States v. Check, supra,* 582 F.2d at 676. We note as well that defense counsel refused the trial court's offer to deliver a curative instruction to the jury.

■ Appellant also claims that comments upon his right to subpoena witnesses made in rebuttal summation deprived him of a fair trial. During the Government's summation, the following exchange occurred:

Government: "First of all, the Judge will instruct you that the defendant has subpoena power, and could call in those very same people. And you can be sure that if those people (meaning marshalls [sic] and auctioneers) had anything to say which was helpful, they would have been here. He would have called them here, because both sides can call . . .

Defense Counsel: Your Honor, I object to misstating the principle of law regarding the obligation of the defendant.

The Court: A defendant doesn't have to offer any proof. But, of course, the

jury can be advised that the defendant has subpoena powers and the defendant can call anyone in. The defendant could have subpoenaed marshalls [sic], auctioneers and buyers. Continue."

*United States v. Floyd*, 555 F.2d 45, 47 (2d Cir.), cert. denied, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977), is on point here. There this court held that "when considered in light of the charge," the prosecutor's remarks in rebuttal summation with respect to the defendant's power to subpoena witnesses did not deprive defendants of their right to rely on the Government's failure of proof, where the remarks were made in response to defense summations referring to the failure of the Government to produce certain witnesses. In the instant case, upon defense counsel's immediate objection to the rebuttal summation, the court below told the jury that a defendant was not required to offer any proof. In addition, the court later charged the jury that the Government has the burden of proving its case beyond a reasonable doubt and that there is a presumption of the defendant's innocence.

■ Appellant's contention that the court below should have granted his request to charge the jury that the Government can immunize witnesses while the defense cannot has no merit. Appellant made no showing that he wanted to call any particular witnesses who were unavailable to him without immunity.

■ Appellant finally argues that this court should exercise its supervisory power over the district court, vacate his judgment of conviction, and dismiss the indictment for perjury since the grand jury was improperly investigating state crimes over which it had no jurisdiction. This claim has no merit. The Supreme Court has held that "[p]erjured testimony is an obvious and flagrant affront to the basic concepts of judicial proceedings" and will be punished "even in instances where the perjurer complained that the Government exceeded its constitutional powers in making the inquiry." *United States v. Mandujano*, 425 U.S. 564, 576–77, 96 S.Ct. 1768, 1776, 48

L.Ed.2d 212 (1976). In any event, the record establishes that the grand jury before which appellant testified was properly investigating violations of several federal statutes (18 U.S.C. §§ 1951, 1952, and 1962) and actually returned a twenty-five count indictment charging eleven New York City Marshals and two licensed auctioneers with violations of 18 U.S.C. §§ 1341, 1951, and 1962(d). Appellant's testimony was clearly material to the grand jury's investigation, and it was not necessary that his testimony alone set forth every element of a federal violation.

Accordingly, the judgment of conviction is affirmed.