**UNITED STATES of America,**
**Appellee,**

v.

**Tracy MARACLE, Defendant–**
**Appellant.**

**No. 06–4960–cr.**

United States Court of Appeals,
Second Circuit.

June 27, 2008.

---

David Samel, New York, NY, for Defendant–Appellant.

Stephan J. Baczynski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), Western District of New York, Buffalo, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. WILLIAM K. SESSIONS III, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Tracy Maracle appeals from a judgment of conviction and sentence of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*), entered on October 19, 2006. Maracle was convicted, after a jury trial, of one count of conspiracy to tamper with a witness in violation of 18 U.S.C. § 1512(k), and he was sentenced principally to 110 months' imprisonment. On appeal, Maracle argues (1) that there was insufficient evidence for the jury to convict him of the conspiracy count; (2) that the District Court deprived him of his Sixth Amendment right to present witnesses; (3) that the District Court erroneously excluded certain testimony as hearsay; and (4) that the sentence imposed was unreasonable. We assume the parties' familiarity with the balance of the factual background, procedural history, and issues on appeal.

Maracle first argues that the evidence was insufficient to support the conspiracy conviction. In advancing this contention, Maracle argues that the fact that the jury acquitted him of the substantive witness tampering count reveals that the evidence was insufficient to convict on the conspiracy count.

A defendant bears a heavy burden in challenging the sufficiency of evidence, as "we view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and reverse only if no rational factfinder could have found guilt beyond a reasonable doubt." *United States v. Carlo*, 507 F.3d 799, 801 (2d Cir.2007). In evaluating a sufficiency challenge, we "defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony." *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir.2002) (internal quotation marks omitted). Moreover, we have stated that when reviewing for sufficiency of the evidence, "jury verdicts are not to be reviewed for consistency," and we accordingly review the sufficiency of the evidence "independently for each count, ignoring the jury's determination that evidence on another count was insufficient." *United States v. Jespersen*, 65 F.3d 993, 998 (2d Cir.1995) (internal quotation marks omitted). With respect to conspiracy counts specifically, we have stated that as a matter of law, "acquittal on a substantive charge does not prevent a conviction for a

---

* The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

conspiracy to commit the offense substantively charged unless the necessary proof on the substantive charge is identical to that required to convict on the conspiracy count." *United States v. Chen,* 378 F.3d 151, 164 (2d Cir.2004).

■ Here, the substantive witness tampering count required proof that Maracle actually "knowingly . . . intimidat[ed], threaten[ed], or corruptly persuade[d]" Smider, "attempt[ed] to do so," or "engage[d] in misleading conduct toward" him in order to "influence" his testimony. 18 U.S.C. § 1512(b)(1). The conspiracy count, however, only required proof that he conspired to do so. 18 U.S.C. § 1512(k). Accordingly, Maracle's inconsistency argument fails.

■ As for his sufficiency challenge generally, we find sufficient evidence on the record to support the conspiracy charge such that a rational trier of fact could have found guilt beyond a reasonable doubt, *Carlo,* 507 F.3d at 801, particularly since much of the evidence presented at trial depended on the various witnesses' credibility and included conflicting testimony, and we "defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony." *Glenn,* 312 F.3d at 64. Accordingly, Maracle's sufficiency of the evidence challenge fails.

■ Next, Maracle argues that the District Court erred when it refused to allow him to present four additional witnesses after he had rested his case. We review a district court's decision regarding whether to reopen a case for more evidence for abuse of discretion. *See United States v. Parkes,* 497 F.3d 220, 231 (2d Cir.2007); *United States v. Kanovsky,* 618 F.2d 229, 231 (2d Cir.1980); *see also Grotto v. Herbert,* 316 F.3d 198, 207–09 (2d Cir.2003). With respect to the first two proposed witnesses—Deputy Newman and Deputy Mendola, who would allegedly testify that Smider had not complained that he had been threatened to make the new statements—the District Court stated its reasons on the record for refusing to reopen the case to allow their testimony, including that the testimony would constitute impermissible hearsay. Even if the District Court erred in its assessment, any such error was harmless, as the jury acquitted Maracle of the substantive count of witness tampering. *See, e.g., United States v. Taylor,* 92 F.3d 1313, 1332 (2d Cir.1996). With respect to the third and fourth witnesses, the District Court stated that it would not reopen the case because a foundation for their statements had not been laid. Maracle does not contest this finding, and the refusal to reopen therefore did not amount to an abuse of discretion.

Maracle next argues that the District Court erred in sustaining two objections by the government to preclude testimony on the ground that it was hearsay. We review such evidentiary rulings "under a deferential abuse of discretion standard and give district court judges wide latitude in determining whether evidence is admissible at trial." *See Meloff v. New York Life Ins. Co.,* 240 F.3d 138, 148 (2d Cir. 2001) (internal quotation marks omitted); *see also United States v. Pipola,* 83 F.3d 556, 566 (2d Cir.1996). Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

■ First, at trial, Maracle sought to testify that Smider told Maracle that Weidel told Smider that Maracle was cooperating with authorities against Cain. Maracle argues that Snider's statement was not being offered for the truth of the matter asserted, but the reason he gives for offering this testimony belies his argument. In

his brief to this Court, Maracle states that Smider's statement was being offered to show that "Weidel had engaged in trickery and deceit, or at least had repeated a false claim about Maracle, in an effort to coax a statement from Smider that falsely implicated Cain." Smider's statement, then, was indeed being offered to show the truth of the matter asserted by him, namely that Weidel in fact told Smider that Maracle was cooperating with authorities against Cain. Second, Maracle sought to testify that Smider told Maracle that Smider had offered to write the recantation statement in return for Cain's help with bail. Maracle argues in his brief that the reason he sought to admit this statement was to show that Smider's motive in writing the letter was release from jail, not Maracle's threats. Again, Smider's statement was being offered for the truth of the matter asserted by him, namely that Smider wrote the recantation letter in exchange for help from Cain. Maracle does not argue that either of these statements constitutes an exception to the hearsay rule. Accordingly, the District Court properly excluded the testimony.

Finally, Maracle argues that the sentence imposed by the District Court was unreasonable insofar as the District Court (1) improperly considered acquitted conduct in imposing an 8–level enhancement pursuant to United States Sentencing Guidelines ("USSG") § 2J1.2(b)(1)(A) for "threatening to cause physical injury to a person ... in order to obstruct the administration of justice"; and (2) improperly imposed an enhancement pursuant to USSG § 3C1.1 for obstruction of justice. We find Maracle's arguments to be unavailing.

First, we have specifically held that district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence ... not authorized by the verdict.

*United States v. Vaughn,* 430 F.3d 518, 527 (2d Cir.2005). We further stated that "district courts should consider the jury's acquittal when assessing the weight and quality of the evidence presented by the prosecution and determining a reasonable sentence." *Id.* at 527.

■ Here, the District Court fully complied with these requirements. The District Court did not believe the Guidelines were mandatory. The sentence imposed did not exceed the statutory maximum authorized by the jury verdict. *See* 18 U.S.C. § 1512(k), (b)(1). Nor did the District Court indicate it was required to impose a mandatory minimum sentence. In addition, the District Court fully acknowledged the jury's verdict, but ultimately found, by a preponderance of the evidence, that Maracle had threatened Smider with physical injury in an effort to obstruct justice. Moreover, there was ample evidence presented at trial supporting the District Court's finding. Accordingly, the District Court did not err in sentencing Maracle based on the acquitted conduct.

■ With respect to Maracle's second sentencing argument, Maracle merely contests the District Court's finding that Maracle knowingly attempted to submit a false affidavit at trial. The District Court's finding was not "clearly erroneous," *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006); accordingly, the sentence will be upheld.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.